[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 285 
The only question in this case arises upon the exception to the charge of the judge to the jury. He instructed them "that if the plaintiffs sold goods to Rogers Co. before the dissolution, and delivered the goods to them to be paid for afterwards, though no term of credit was fixed, and the defendants did not in fact pay for them in some months afterwards, such a transaction made the plaintiffs dealers with Rogers Co., so as to entitle them to notice of the retirement of Platt Rogers."
The only dealings between the parties prior to the retirement of the defendant, Platt Rogers, were the two small parcels of goods sold in November, 1847, and in May, 1848. The clerk of Rogers Co., who made the purchases, swore that they were for cash, but he did not pretend that they were paid for at the time of the respective purchases. On the contrary, it was shown that the amount of the first purchase was paid about six months after it was made, and the other in about seven months. The direct testimony, therefore, that the purchases were made for cash, if the witness *Page 286 
meant by that expression that the money was to be paid upon the delivery of the goods, was contradicted by the fact that the several demands rested in account for a considerable period. In this state of the proof, I think the judge was right in submitting it to the jury, whether an indefinite credit was not given, or, in the language of the charge, whether the goods were not purchased to be paid for afterwards. It must be conceded that there was no agreement for any specified period of credit, and that the plaintiffs might have required payment immediately. But if they consented to part with the possession of the goods and charge them in account, a credit, indefinite as to time and depending upon the will of the vendors, was given. Such transactions I apprehend are common, especially among retail and small dealers, and I think the sales are not the less made upon credit because no definite time of forbearance is agreed upon. If the vendor parts with the property sold and takes the promise of the purchaser for future payment, he relies upon the personal responsibility of the latter and substitutes a cause of action for the property itself. If I am correct in this, it follows that the sale of those small parcels of goods by the plaintiffs to the former firm was a dealing upon the credit of the latter. What shall constitute a dealing with a firm which will make it requisite to give a personal notice of the withdrawal of a partner, has not often been the subject of discussion. The question was considered in Vernon v. Manhattan Co. (22Wend., 183); but that case does not, in its particular facts, bear very strikingly upon the present question. We are disposed, however, to adopt the rule laid down in that case by the chancellor: He said that the word dealing, when used in reference to this question, was a general term "to convey the idea that the person, who is entitled to actual notice of the dissolution, must be one who has had business relations with the firm by which a credit is raised upon the faith of the copartnership;" and he refers to Bell's Commentaries, where it is said that "a credit *Page 287 
already raised on the faith of the partnership is presumed to be continued on the same footing, unless special notice of a change shall be given." (2 Bell's Comm., 640.) It follows that a purchase strictly for cash would not constitute a dealing within the rule; for a person selling under such circumstances would have no occasion to inquire who the partners were, or as to their responsibility. But, as before remarked, I am of opinion that a credit was given in this case, though it was not for any definite time; and this brings it within the rule stated by the chancellor. This case does not afford a very striking exemplification of the policy of the rule; for the dealing was so limited in amount that there is no great reason to believe that the plaintiffs would have taken the trouble to ascertain who the partners were. We cannot, however, say positively that they did not. The rule requiring notice proceeds upon a general presumption, that one giving credit to a mercantile firm does so upon the responsibility of the individual partners; and we cannot annex to it a distinction based upon the amount of the credit, without destroying that certainty which is essential to its utility.
The judgment of the court of common pleas should be affirmed.