ALBERT HOWELL, Respondent, *v.* GROSVENOR S. ADAMS, Survivor, etc., Appellant.

Where there is no conflict of evidence as to the material facts in a case, or any doubtful inferences to be deduced from the facts proved, or any exception, except to a decision denying a motion for a nonsuit, it is proper for the court to direct a verdict subject to the opinion of the court at General Term.

In an action seeking to charge defendant as a partner with an individual banker, plaintiff offered in evidence a paper purporting to be a certified copy of a certificate filed in the banking department, in accordance with the provisions of the banking act of 1854 (§.6, chap. 242, Laws of 1854), signed and acknowledged by defendant, certifying that he was interested in the business of the bank, etc. No objection was made to the reception of the paper in evidence. *Held*, that the objection could not be raised upon appeal that the statute only made the original certificate evidence, or that no proof was given that the original certificate was signed by defendant; that these objections, to be available, should have been taken on the trial; also that they were not raised by an exception to a denial of a motion for a nonsuit based on the general ground that no partnership had been shown.

The dissolution of a partnership with an individual banker does not relieve the retiring partner from liability for subsequent deposits made, without notice of the dissolution, by one who had been before a depositor.

So, also, the alteration of a certificate of deposit in respect to the rate of interest, made after the dissolution of the partnership by the partner continuing the business, but before notice to the holder, does not relieve the retiring partner; such holder having the right, until notice, to treat the partnership as continuing, the alteration will be deemed to have been authorized.

The liability of the retiring partner is not changed by the fact that the depositor did not know that he was a partner.

Proof of publication of notice of dissolution in newspapers, in the place where the bank was located, unconnected with any evidence that the depositor resided there, or took the papers, is but slight, if any, evidence of notice; and when he testifies that he never saw the notice or heard of the dissolution, will not authorize a finding of notice.

A bank is not liable upon a certificate of deposit until after demand of payment, and, therefore, the statute of limitations does not begin to run against it until demand is made.

(Argued January 18, 1877; decided January 30, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, in favor of plaintiff, entered upon a verdict taken subject to the opinion of the court at General Term.

This action was upon three certificates of deposit issued by the Suffolk County Bank, an individual bank, in carrying on the business of which plaintiff alleged that defendant and William Adams, deceased, were partners.

The facts, as stated by the General Term, were, in substance, as follows :

The defendant caused to be filed with the superintendent of the banking department of the State of New York a certificate, signed by him, dated May 9, 1854, duly acknowledged, that he was interested with William Adams, an individual banker, conducting banking business under the act to authorize the business of banking, and the special acts amendatory thereof, at Sag Harbor, in the county of Suffolk, under the name of Suffolk County Bank. On the 5th of October, 1865, the superintendent of the banking department received a written notice dated October 3, 1865, and subscribed by Wm. Adams, banker, and by defendant, to the effect that the latter had sold and transferred all his interest in, and responsibility for the Suffolk County Bank, to William Adams, said transfer to be operative from and after the first day of July, 1865. This notice was filed in the banking department, and by request of the party in interest, was indorsed on the former certificate. On the 18th of February, 1863, the plaintiff deposited $800 to the credit of himself in the Suffolk County

Bank, and received a certificate therefor payable to his order, on the return of the certificate signed William Adams, president. The certificate stated that if the same remained on deposit six months interest would be paid at five per cent per annum. On the 15th of June, 1866, the plaintiff deposited in said bank $375, and on the 24th of August, 1868, he deposited $200, to the credit of himself, receiving certificates therefor, payable to his order on the return of the certificate, and all of the certificates contained the same provision as to interest. In 1870 they were altered by making the rate of interest six instead of five per cent. The plaintiff did not know who composed the Suffolk County Bank at the time he made these deposits, or at any time before the death of William Adams. He received the first certificate from the defendant at the bank, and saw the defendant there when he received it. In October, 1865, and for more than six months afterward, a notice was published in two weekly papers printed at Sag Harbor, dated July 10, 1865, signed by the defendant and William Adams, that the defendant had sold and transferred all his interests in and for the Suffolk County Bank to Wm. Adams. The plaintiff never saw or heard of these notices, and never had notice of the defendant's withdrawal from the bank. The defendant had no interest in the bank, nor any connection with the business which was transacted at the bank after July 1, 1865, at which time the partnership between him and William Adams was dissolved by mutual consent. He was not at the bank, nor in Sag Harbor, in 1866 or 1868. This action was commenced December 30, 1871. It was admitted that the plaintiff demanded payment of the three certificates of the defendant three or four days before the commencement of this account, and that payment was refused.

To establish the partnership plaintiff offered in evidence a certified copy of a record in the banking department purporting to be a copy of a certificate made and filed in pursuance to the banking act of 1854; (§ 6, chap. 242, Laws of 1854); this was not objected to.

At the close of plaintiff's case, and at the close of the evi-

dence, defendant's counsel moved for a nonsuit on the ground, among others, that plaintiff had failed to show any partnership, or any joint liability on the part of William Adams and defendant, which motion ·was denied, and said counsel duly excepted.

The court directed a verdict for the plaintiff for the amount of the drafts, subject to the opinion of the court at General Term.

*Rufus W. Peckham* for the appellant. It was error to direct a verdict for plaintiff. (3 Wait's Pr., 567; Code, § 256; *Wilcox* v. *Hoch*, 62 Barb., 505; *Dickerson* v. *Mason*, 48 id., 412; *Bell* v. *Shipley*, 33 id., 610; *Beebe* v. *Ayres*, 28 id., 275; *Sackett* v. *Spencer*, 29 id., 180; *Gilbert* v. *Beach*, 16 N. Y., 606; *Cobb* v. *Cornish*, id., 602; *Purchase* v. *Matteson*, 25 id., 211.) The jury had a right to infer from the publication of the notice of dissolution · in two county newspapers that plaintiff knew of it. (45 N. Y., 549; 52 id., 323; 60 id., 326; 8 Hun, 424; 1 Hill, 578, note.) The statute of limitations was a defence to the first certificate for $800, dated February 18, 1863. (*Frank* v. *Nessels*, 2 N. Y. Wkly. Dig., 163; *Pardee* v. *Fish*, 60 N. Y., 265; *Downs* v. *Phœ. Bk.*, 6 Hill, 297; *Wheeler* v. *Warren*, 47 N. Y., 519; 50 Barb., 334; *Taylor* v. *Bates*, 5 Cow., 376; *Rathbun* v. *Ingalls*, 7 Wend., 320; *Walradt* v. *Maynard*, 3 Barb., 584; *Satterlee* v. *Frazer*, 2 Sand., 141; *Stafford* v. *Richardson*, 15 Wend., 302; *Shoemaker* v. *Benedict*, 11 N. Y., 176; 1 Hill, 572; 39 Barb., 634; 2 N. Y., 523; 24 id., 550; Grant on B'king, 4; *Pott* v. *Clegg*, 16 M. & W., 321.) The last two certificates having been made after the dissolution of the partnership by William Adams, defendant was not bound by either of them. (*Nat. Bk.* v. *Horton*, 1 Hill, 572; *Van Keuren* v. *Parmalee*, 2 N. Y., 523; *Am. L. Thread* v. *Wortendyke*, 24 id., 550; Col. on Part., § 4, pp. 120, 510; *Kelly* v. *Hurlbut*, 5 Cow., 536; *North* v. *Bloss*, 30 N. Y., 374; *Mitchell* v. *Dalt*, 2 H. & G., 159; *Bk. of St. Mary* v. *St. John*, 25 Ala., 556; *Davis* v. *Allen*, 3 N. Y., 172; *Clapp* v. *Rogers*, 12 id.,

287–8; *Evans* v. *Drummond*, 4 Esp., 39; *Grosvenor* v. *Lloyd*, 1 Metc., 19; *Armstrong* v. *Hussey*, 12 S. & R., 315; *Freel* v. *Campbell*, 3 Hayw., 78; *Brooke* v. *Enderby*, 2 B. & B., 71; 4 Moore, 501; *Heath* v. *Sanson*, 4 B. & A., 177; *Scott* v. *Cosmeslin*, 7 J. J. M., 416; *Goddard* v. *Pratt*, 16 Pick., 429; *Carter* v. *Whalley*, 1 B. & A., 11; *Davis* v. *Allen*, 3 Comst., 168.) The alteration as to the rate of interest was a material alteration of the contract in regard to the first certificate, and being made after the dissolution did not bind defendant. (*Chappell* v. *Spencer*, 23 Barb., 574; *McCaughey* v. *Smith*, 27 N. Y. 39; *Brownell* v. *Winnie*, 29 id., 400; *Benedict* v. *Croden*, 49 id., 396; *Johnson* v. *Dunlap*, 5 Lans., 365; *Brownell* v. *Winnie*, 29 N. Y., 400, 409; 7 Alb. L. J., 149.)

*George Miller* for the respondent. The deposit in the bank was not due until a demand was made for it, and hence the statute of limitations cannot apply. (*Downs* v. *Phœ. Bk.*, 6 Hill, 297; *Payne* v. *State*, 39 Barb., 634; *Payne* v. *Gardner*, 29 N. Y., 146.) The acts of *one* party, though after dissolution, will bind his copartners as to all who have previously dealt with the firm, except those to whom actual notice has been given. (*Nat. Bk.* v. *Norton*, 1 Hill, 572; Story on Part., §§ 160, 334, 335; 3 Kent's Com., 66.)

ANDREWS, J. It was not error for the judge to direct a verdict subject to the opinion of the court at General Term. There was no conflict of evidence as to the material facts, or any doubtful inferences to be deduced from the facts proved, nor any exception, except to the denial of the motion for nonsuit made when the plaintiff rested, and also at the close of the whole evidence. The same question raised by the motion for nonsuit was involved in the motion for judgment on the verdict.

1. The plaintiff, to establish that the defendant was a partner with William Adams in conducting the business of the Suffolk County Bank, offered in evidence a copy of a record of the

banking department, certified by the superintendent, purporting to be a copy of a certificate filed in the department, dated May 9, 1854, signed and acknowledged by the defendant, certifying that he was interested with William Adams in the business of the bank. The certificate contained the matters required to be stated by the act of 1854, in the case of a person becoming interested with an individual banker in conducting the business, and the statute makes such certificate evidence in all courts and places that the person signing and acknowledging it " is a general partner with the original banker in the business of banking, and as such is liable for all the debts and obligations created or made by such individual banker in the said business." (Laws of 1854, chap. 242, § 6.) No objection was made to the reception of the certificate in evidence. It is now claimed that the statute only makes the original certificate evidence, and that a certified copy was not admissible, also that no proof was given that the original certificate was signed by the defendant. These objections should have been taken on the trial, and the supposed defects might then have been supplied, by the production of the original certificate or by making a case for the introduction of secondary evidence. They were not raised by the exception to the motion to nonsuit on the general ground that no partnership had been shown, and it is too late now to take them. The case stands, therefore, in the same position as if the original certificate had been produced and proved, and the fact that in 1854 the defendant became a general partner with William Adams in the business of the bank, was, therefore, conclusively established. 2. In the absence of proof to the contrary, the presumption is that the partnership continued and was in force when the certificate of deposit was issued to the plaintiff. It is quite clear that it existed in 1863, when the first certificate was issued. The letter of the defendant of October 3, 1865, notifying the department that he had sold and transferred to William Adams his interest in the bank, the transfer to take effect as of July 1, 1865, is a distinct admission of the existence of the partnership to that time. 3. The fact that

the partnership was discontinued in October, 1865, did not relieve the defendant from liability for subsequent deposits made by the plaintiff without notice of the dissolution. The deposit in 1863 constituted the plaintiff a dealer with the bank in respect of deposits, and the law presumes that the subsequent deposits were made on the credit of the copartnership, and both a dissolution and notice to the plaintiff or evidence equivalent to notice must have been shown to relieve the defendant from liability for the new transactions. 4. Proof that notice of the dissolution was published in two newspapers in the place where the bank was located, unconnected with any evidence that the plaintiff resided there or took the papers, was very slight if any evidence that he saw the notice. The plaintiff testified that he never saw the notice or heard of the dissolution. The jury would not, upon this evidence, have been justified in finding against the plaintiff on this question, and the court properly assumed that notice of dissolution had not been given. 5. It was immaterial whether the defendant was or was not present when the first or subsequent certificates were given. The partnership was established without resorting to proof that he was acting as a partner to the plaintiff. 6. The defendant was not a dormant partner, and as to the plaintiff his relation to the partnership remained unchanged until notice of the dissolution. He was in the origin of the relation, and when the dealings with the plaintiff commenced an ostensible and not a secret partner, and was such as to all persons dealing with the firm, and his liability to the plaintiff is not changed by the fact that the plaintiff did not know that he was a partner. (Parsons on Part., 33.) He trusted the copartnership whoever the persons might be who composed it. The public records disclosed the fact that the defendant became a partner in 1855.

Passing the question as to the power of the court to direct a verdict subject to the opinion of the court, it remains to consider whether the facts proved justified a recovery by the plaintiff. (1.) The defendant insists that the cause of action on the certificate issued in 1863, was barred by the statute of

limitations. The action was commenced in 1871, and it is claimed that the right of action accrued immediately on the issuing of the certificate without previous demand. This question has been settled by authority. (*Downes* v. *The Phœnix Bank*, 6 Hill, 297; *Payne* v. *Gardiner*, 29 N. Y., 146.) We think it is in accordance with the general understanding of the commercial community, that a bank is not liable to depositors except after demand of payment. The fact that a certificate is given on a deposit being made, payable on the return of the certificate, instead of leaving the deposit subject generally to check or draft, does not change the reason of the rule that the banker must first be called upon for payment before an action can be maintained. It would be unjust now to make a distinction between the cases, and sustain the defence of the statute of limitations, in cases like this where parties have relied upon the doctrine announced in the cases cited. (See *Herrick* v. *Woolverton*, 41 N. Y., 600; opinion of GROVER, J.)

(2.) The plaintiff having a right until notice to treat the partnership as continuing, the alteration of the certificate in respect of the rate of interest, although made in 1871, after the dissolution in fact, must be deemed to have been authorized by the defendant.

The judgment should be affirmed.

All concur, except RAPALLO, J., not voting.

Judgment affirmed.