By the Court.—Speir, J.
The appellant lays much stress upon the fact that a balance had been struck on the plaintiff’s pass-book, which was written up by the defendant when the check was returned to the plaintiff. That was but the usual transaction of writing up the customer’s book, setting the debits or sums which had been paid upon his checks or drafts against the credits which were given on the book at the time when the deposits were made. It only rendered the account complete, up to the time when the balance was struck. In this case, as a fact, it has no other significance. It furnished no evidence of a *5 change of the contract upon which the money was received in deposit. Nor did it, or the payment of the check to the wrong person, give a cause of action to the plaintiff on March 9, 1870, when, as defendant claims, the cause of action accrued to the plaintiff. It did not appear in strictness that the "defendant paid the check. Admitting that it did, the money paid was its own money, and, whatever it did with it, could be no cause of complaint which the plaintiff could make; nor would it be a cause of action accruing to , the plaintiff, much less a cause of action for a conversion of the money, as suggested on the argument.
The cause of plaintiff’s action is very simple. The money it had on deposit was sufficient to pay the amount of the check. It authorized Mrs. Halpin to make a demand for this sum, but she did not make any demand. The defendant was liable to pay it to the plaintiff, or its ord,er, on demand. The presentation of the check and demand of payment by any other person, through the forged indorsement of Mrs. Halpin, was not such a demand as would give to the plaintiff a cause of action upon which it could institute suit and recover. Before the plaintiff could bring an action for the amount of the deposit, a demand of, and a refusal by the defendant was necessary. This demand and refusal was made. The principle is now well settled upon which banks of deposit are able to do business. Howell v. Adams (68 N. Y. 314 ; see cases cited in the opinion), is so directly in point that a single quotation will serve. The learned judge (Andrews) says : “We think it is in accordance with the general understanding of the commercial community that a bank is not liable to depositors except after demand of payment. The fact that a certificate is given on a deposit being made, payable on return of the certificate, instead of leaving the deposit subject generally to check or draft, does not change the reason *6 of the rule that the banker must first be called upon for payment before the action can be maintained. It would be unjust now to make a distinction between the cases and sustain the defense of the statutes of limitations in cases like this where parties have relied upon the doctrine announced in the cases cited.”
The jury found that the indorsement was a forgery. If the defendant paid the check, it paid a forged indorsement, and the mistake was its own, and can only be corrected by itself. It continued to hold the $17,500 of the plaintiff’s money, and until it failed to comply with a request for its payment from the plaintiff, the plaintiff was not at liberty to sue. The plaintiff was under no obligation to the defendant which required i,t to examine the pass-book for the purpose of discovering forgeries in the indorsements, and it had a right to rely upon the indorsement as genuine. It was the duty of defendant, before the check was paid, to ascertain that Mrs. Halpin’s indorsement was genuine.
Judgment should be affirmed, with costs.
Sedgwick, Ch. J., concurred.