## CORNWALL v. MCKINNEY.

1. There is no material variance between a complaint alleging that defendant and S. were partners at a certain time, and so continued till the death of S., and proof of prior dissolution by consent, without personal notice to plaintiff, who had dealings with and gave credit to it after.

2. Testimony of one that he was cashier in a bank, and that the banker's brother was working in the bank and had the banker's authority to sign certificates, is sufficient proof that a certificate of deposit in the bank, signed by the cashier as such, and one signed in the name of the bank in the handwriting of the brother, were signed with authority.

3. Though a certificate of deposit recite that it is payable on its return properly indorsed, action thereon by the payee is not premature, notwithstanding it is not indorsed; the certificate having been presented and payment demanded by the attorney of the payee for and on his behalf and defendants refusal of payment based on the ground that he was not a member of the banking firm when it was issued.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action by Andrew Cornwall against Charles E. McKinney, as surviving partner of the firm of McKinney and Scougal. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*Bailey & Voorhees*, for appellant.

The action was prematurely commenced, the certificates not having been endorsed. Bellows Falls Bank v. Rutland County Bank, 40 Vt. 377; Patterson v. Poindexter, and Boker v. Hazard, 6 W. & S. (Pa.), 227.

*N. J. Cramer*, for respondent.

Endorsement was unnecessary. Kirkwood v. Bank, 58 N. W. 1016; 40 Neb. 484, 42 Am. St. 683, and note. First Nat. Bank v. Security Nat. Bank, 51 N. W. 305; 31 Neb. 71; 33 Am. St. 618, and note; Cassidy v. Bank, 14 N. W. 363; Emerson v. Thatcher, 51 Pac. 51; Towle v. Starz, 69 N. W. 1098, Beardsley v. Webber, 62 N. W. 173; Birch v. Fisher, 16 N. W. 220.

HANEY, J.    In this action plaintiff seeks to recover of defendant, as the surviving partner of McKinney & Scougal, upon four certificates of deposit, dated June 17th, 1890, December 22nd, 1890, July 29th, 1891, and March 4th, 1892, respectively, all signed, "McKinney & Scougal," except the first, which is signed, "Rob. W. Burns, C." The certificates are in the same language, except as to dates, amounts, and numbers. The following is a copy of the one first issued: "No. 2897. McKinney & Scougal, Bankers. Yankton, Dakota, June 17th 1890. Andrew Cornwall has deposited in this bank fifty no-100 dollars, payable to the order of himself, in current funds, on return of this certificate properly indorsed. With interest at 6 per cent. per annum if left six months." In 1881 defendant and George R. Scougal formed a partnership for the purpose of carrying on a banking business at Yankton and Sioux Falls, under the firm name of McKinney & Scougal. This partnership continued until January 1st, 1885, when it was dissolved by

mutual consent, and notice of dissolution was published in a paper at Yankton. After the dissolution, Scougal continued to transact business under the firm name at Yankton without the knowledge of McKinney. Scougal died January 14th, 1893. Plaintiff has resided at Yankton since 1882. He had dealings with and gave credit to the partnership during its existence, and did not have personal notice of its dissolution until after the certificates sued upon were issued. For the purpose of this appeal, it must be admitted that the attorney of plaintiff, for and on his behalf, presented the certificates to defendant, at Sioux Falls, prior to the commencement of this action, for payment, who refused to pay the same. When presented they were not indorsed by the plaintiff, and no indorsement had been made upon either of them when they were introduced in evidence.

It is contended by defendant that there is a material variance between the pleadings and proof. It is alleged in the complaint that on January 1, 1881, defendant and one George R. Scougal were partners doing business as bankers, under the firm name and style of McKinney & Scougal at the city of Yankton and at the city of Sioux Falls, and continued to be such partners until January 14, 1893; that on January 14, 1893, George R. Scougal died, leaving defendant the sole surviving partner of the firm of McKinney & Scougal; and that such firm was dissolved by the death of Scougal. The answer admits that on January 1, 1881, defendant and Scougal were partners doing business as bankers, under the firm name and style of McKinney & Scougal, at the city of Yankton and at the city of Sioux Falls. It also admits that Scougal died January 14, 1893. As to the plaintiff, who had dealings with and gave credit to

the partnership, and who had no personal notice of its dissolution, the partnership existed until the time of Scougal's death. Comp. Laws, § 4059. "No variance between the allegation in a pleading and the proof shall be deemed material, unless it have actually so misled the adverse party to his prejudice, in main taining his action or defense; upon the merits. Whenever it shall be alleged that a party has been misled, the fact shall be proved to the satisfaction of the court, and in what respect he has been misled; and thereupon the court may order the pleading to be amended, upon such terms as shall be just." Comp. Laws, § 4934. It was not alleged during the trial that defendant had been misled to his prejudice by any variance between the allegations of the complaint and the proof, nor can we be lieve he was prejudiced in this respect.

It is further contended that the court erred in denying defendant's motion to direct a verdict in his favor upon the first and third causes of action on the ground that there is no legal proof that the person signing the certificates mentioned therein was authorized to do so by either McKinney & Scougal or the defendant. The certificate declared on in the first cause of action is signed, "Rob. W. Burns, C." The certifiate declared on in the third cause of action is signed, "McKinney & Scougal," in the handwriting of W. S. Scougal, a brother of George R. Scougal. Burns testified that he was cashier of the bank of McKinney & Scougal at Yankton, from 1881 until 1892, that W. S. Scougal was working in the bank, and that he had George R. Scougal's authority to sign certificates, drafts and other papers. The acts of Burns and W. S. Scougal were the acts of George R., and he was, as to this plaintiff, when these certificates were issued, a member of the firm of McKinney & Scougal. The trial court did not err in denying defendant's motion.

Finally it is contended that this action was prematurely commenced, for the reason that no action can be maintained upon the certificates in controversy until they have been properly indorsed.  Concerning what must be done before commencing an action upon certificates of deposit, the decisions seem to be conflicting.  We think Mr. Daniel states the true principles applicable to the question, in the following language: "Certificates of deposit are designed to subserve with convenience the purpose of temporary investments of money, and whether the expression used in them as to payability be 'on the return of this certificate', or 'on presentation of this certificate,' or 'on return or surrender of this certificate properly indorsed,' the substantial meaning is the same; that is to say, that the certificate is payable when payment is demanded by the party entitled to receive the money, and who avouches the fact by producing the instrument, with evidence of title." Daniel, Neg. Inst. § 1707a.  The certificates in this case were presented and payment was demanded by the attorney of plaintiff for and on his behalf. There can be no doubt of the attorneys authority to act for the plaintiff.  Hence, in law, they were presented and payment was demanded by the payee named in each, who was the owner and in possession of each.  The evidence of his title was perfect. No useful purpose would have been served by having them indorsed.  If payment had been demanded by a transferee of the original payee, there might be reason for requiring an indorsement.  Under the conditions shown by the record in this case, there was no reason for requiring any such idle act.  In an action upon an instrument of substantially the same import, the supreme court of Kansas, in a recent case, makes use of this language:  "The contention of the plaintiff in error is that the

failure of the petition to allege that at the time the certificate was presented and payment demanded by the plaintiff, as executor of Charles Thatcher, it was properly indorsed, fails to state a cause of action against the stockholder. It may be admitted that, in order to charge the stockholder upon his subscription to the capital stock of the bank, it was necessary that the petition should disclose a cause of action against the bank. But a reasonable interpretation of this contract is that no indorsement was necessary, except upon a transfer by Charles Thatcher. It was only necessary that it should be properly indorsed, or that his order in writing to pay the money should accompany the certificate when demand was made by some other person than Charles Thatcher himself,—some person to whom he had assigned or sold the certificate,— that the bank might know upon presentation that such holder had a right to demand the fund." Emerson v. Thatcher (Kan. App.) 51 Pac. 50. And this is true whether the certificates be regarded as negotiable or not. It is evident that defendant refused payment on the ground that he had ceased to be a member of the firm of McKinney & Scougal when the certificates were issued. If his refusal was based on the ground that they were not properly indorsed, fair dealing demanded that such reason should have been assigned when payment was refused. We think the action was not prematurely commenced, and that the judgment of the circuit court should be affirmed.