## TOBIN v. McKINNEY.

1. A judgment on a directed verdict may be affirmed if either of the grounds stated in the motion therefor is found to be well taken, though it may not be the ground on which the verdict was actually directed.

2. Limitations only begin to run on a certificate of deposit when there is an actual demand of payment in due form, and such demand must precede an action thereon.

3. Comp. Laws, § 4059, declares that liability of a general partner for the acts of his copartners continues, even after the dissolution, "in favor of persons who have had dealings with and given credit to the partnership" during its existence, until personal notice of dissolution. *Held,* that one who had made two deposits of $40 and $35 each in a certain year during the existence of a banking firm, dealt therewith,

and gave credit thereto, within the meaning of such section, and that a habit of dealing, or any particular amount of credit, need not be shown to entitle a customer to such notice.

(Opinion filed November 21, 1900.)

Appeal from circuit court, Minnehaha county. HON. JOSEPH W. JONES, Judge.

Action on a certificate of deposit by Catherine Tobin against Charles E. McKinney, as surviving partner of the firm of McKinney & Scougal. From a judgment on a directed verdict in favor of defendant, plaintiff appeals. Reversed.

*N. J. Cramer,* for appellant.

During partnership one partner of an existing firm may make payments upon an obligation of the firm and bind all the members of the partnership that is, within the line of their business one partner has authority to bind the other in making all contracts, including payment, promise and acknowledgment, by virtue of their agency, one partner being the agent of the other in the line of their business. Harding v. Butler, 30 N. E. 168; Sage v. Ensign, 84 Mass. 245; Buxton v. Edwards, 134 Mass. 567; Kerper v. Wood, 29 N. E. 501; Van Keuran v. Parmalee, 2 N. Y. 525; Maddox v. Duncan, 65 Am. St. Rep't. 683; Wheelock v. Doolittle, 46 Am. Dec. 163.

After the dissolution of the partnership if no personal notice of the dissolution was given to the creditor and he had no knowledge of it part payment continues and prevents the bar as to claims contracted either before or after dissolution as against the creditor having had previous dealings with the partnership firm. Bates on Partnership, §§ 704, 705; Gates v. Fisk, 45 Mich. 522, 8 N. W. 558; Sage v. Ensign, 84 Mass. 245; Davidson v. Harmon, 59 N. W. 316; Clement v. Clement, 35 N. W. 17; Robinson v. Floyd, 28 Atl. 258; Harding v. Butler, 30 N. E. 168; Buxton v. Edwards, 134 Mass.

567; Kenniston v. Avery, 16 N. H. 117; Tappan v. Kimbol, 30 N. H. 136; Lyle v. Esser, 73 N. W. 1008; Leithanser v. Baumeister, 49 N. W. 660; Van Keuren v. Parmalee, 2 N. Y. 523.

Payments have the same effect when made after the action is barred as before. Parsons Part. § 90; Brown v. Kennedy, 17 Col. 574; Fairbanks v. Dawson, 9 Cal. 89; Pena v. Vance, 21 Cal. 142; Davison v. Sherborne, 59 N. W. 316.

It is a presumption of law that a partnership shown to exist, still continues and the law presumes the partnership to continue, in case of dissolution, in the absence of actual notice as to those who have had dealings and given credit to the firm. The presumption is that one giving credit to a partnership firm does so upon the individual credit of the partners. Sec. 1436, Civil Code, Cal. Civil Code, § 2453; Williams v. Bowers, 15 Cal. 311; Howell v. Adams, 68 N. Y. 314; Austin v. Howland, 69, 571; Prentiss v. Sinclair, 26 Am. Dec. 288; Joseph v. Southwark, 10 So. 327; Ellison & Harvey v. Sexton, 18 Am. St. Reps. 907; Stoddard Mfg. Co. v. Krause, 42 N. W. 913; Clapp v. Rogers, 12 N. Y. 283; Duff v. Baker, 43 N. W. 463; Amadon v. Osgood, 58 Am. Dec. 171; Hahalo v. Mayor, 22 Am. St. 763; Bank v. Mudgett, 44 N. Y. 514; 2 Bates Partnership, §§ 611, 621-628, 1159; Underhill on Evidence, 350; Bank v. Fry, 20 N. E. 325; Lovejoy v. Spafford, 93 U. 430; 1 Rice on Evidence, 66; Wardwell v. High, 2 Barber 549; Rose v. Coffield, 36 Am. Reps. 389; Hall v. Heck, 52 N. W. 749; Bank v. McKaskill, 26 Pac. 821; Haltgreve v. Wintker, 85 Ill 470; Davis v. Keyes, 38 N. Y. 94.

*Keith & Warren,* for respondent.

A certificate of deposit is, in legal effect, a promissory note payable on demand, and the statute of limitations commenced to run from the date of the certificate; or, under our statute regarding the apparent maturity of negotiable instruments payable on demand not

later than one year after the date of the certificate. Comp. Laws, §§
4494, 4495, 4464; Curran v. Witter, 60 Am. Rep. 827; Mitchell v.
Wilkins, 33 N. W. 910; Tripp v. Curtenius, 36 Mich. 494; Brum-
magin v. Callant, 29 Cal. 504; Poorman v. Mills, 35 Cal. 118; Lar-
ason v. Lambert, 12 N. J. L. 247; Kirkwood v. First Nat. Bank, 24
L. R. A. 444.

It is well settled that part payments, made by one partner after
dissolution, upon a partnership debt, will not operate to take the debt
out of the statute of limitations as to the other partner who had no
knowledge of and did not consent to the payment. Tate v. Clements,
26 Am. Rep. 709; Mayberry v. Willoughby, 25 Am. Rep. 491; Van
Keuran v. Parmalee, 2 N. Y. 523; Muse v. Donelson, 36 Am. Dec.
309; Fritts v. Slade, 9 Hun. 145.

An admission by one partner after dissolution is not competent
evidence to bind the other partner as to a past transaction. Wood v.
Braddock, 1 Taunt. 104; Mayberry v. Willoughby, 25 Am. Rep.
491; Morrison v. Perry, 11 Hun. 33; Hart v. Woodruff, 24 Hun.
510; Brisbon v. Boyd, 4 Paige 17; Pringle v. Leverich, 97 N. Y.
181.

CORSON, J. From the year 1880 to the 1st of January, 1885,
Charles E. McKinney, the defendant, was a partner in the firm of
McKinney & Scougal, engaged in the business of banking in the cities
of Sioux Falls and Yankton. At the last mentioned date the partner-
ship was dissolved, and the business was continued in Yankton by
Scougal, one of the said partners, at the same place, using the same
kind of bank checks, bills, drafts, certificates of deposit, and letter
heads, excepting the ommission of the name of C. E. McKinney on
one corner of the letter heads, and retaining the same sign on the
bank and building that the firm of McKinney & Scougal had used.

There was evidence tending to prove that the plaintiff, Catherine To-
bin, in June, 1884, deposited $40 in the bank at Yankton, and in Sep-
tember deposited $35 more, which sums were withdrawn therefrom
in the fall of 1884, and spring of 1885. Certificates of deposit with
the name of "McKinney & Scougal, Bankers," printed at the top,
and the firm name of McKinney & Scougal signed at the bottom,
were given to the plaintiff for said deposits. On the 16th day of
July, 1889, she deposited in said bank $500, for which a certificate
was issued as follows: "No. 2,599. McKinney & Scougal, Bankers,
Yankton, Dakota, July 16th, 1889. Certificate of deposit, not subject
to check. $500. Catherine Tobin has deposited in this bank five
hundred dollars, payable to the order of herself in current funds on
return of this certificate properly indorsed. With interest at 6 per
cent. per annum if left 6 months. McKinney & Scougal." Upon this
certificate interest was paid semi-annually from 1890 to 1892, in-
clusive. The plaintiff had resided in Yankton from 1877 to the time
of the trial. Scougal was a resident of Yankton, and the defend-
ant, McKinney, was a resident of Sioux Falls. It was claimed that
no personal notice of the dissolution of the firm was given to the
plaintiff, and that she had no actual notice or knowledge of the dis-
solution of the firm until after the death of Scougal, in January, 1893.
Notice of such dissolution was published in January, 1885, in a news-
paper in Yankton and in one in Sioux Falls. The plaintiff brought
this action in July, 1898, to recover of the defendant the amount of
said certificate of deposit. The case was tried to a jury, and on mo-
tion of the defendant a verdict was directed in his favor. From
the judgment the plaintiff appeals to this court.

The motion for a direction of a verdict was made upon the fol-
lowing grounds, among others: That the plaintiff has failed to show
that she was a customer of the bank, or had had business transactions

with it to the extent of giving credit to the bank prior to 1885, or that she continued such business upon the faith that this defendant remained a partner of said Scougal subsequent to that time; that the claim in question is barred by the statute of limitations, the certificate having been issued in July, 1889. The court directed a verdict upon the latter ground, but, as there are other grounds stated in the motion, this court is not precluded from affirming the judgment if it finds either of the grounds stated, well taken, though it may not be the ground upon which the verdict was actually directed.

The case as we view it presents two questions: (1) Was the action barred by the statute of limitations? (2) Did the plaintiff have such dealings with the partnership during its existence as to entitle her to personal notice of its dissolution, and in the absence of such notice enable her to maintain this action? The first question is substantially disposed of by the decision in Cornwall v. McKinney, 12 S. D. 118, 80 N. W. 171. In that case this court held in effect, that an action upon a certficate of deposit issued by a bank in the usual form cannot be maintained until payment of the same has been demanded, adopting the view of Mr. Daniel in his work on Negotiable Instruments. Upon the subject of the statute of limitations Mr. Daniel says: "The better opinion seems to us to be that the statute of limitations only begins to run when there is an actual demand of payment in due form, and that such demand must precede a suit." Daniel, Neg. Inst. § 1707a. There is a conflict in the authorities, but the rule as stated by Mr. Daniel is fully sustained by the courts of New York, Pennsylvania, Vermont and Maryland (Munger v. Bank, 85 N. Y. 587; Howell v. Adams, 68 N. Y. 314; McGough v. Jamison, 107 Pa. St. 336; Bellows Falls Bank v. Rutland Co. Bank, 40 Vt. 377; Institution v. Weedon, 18 Md. 320), and is, in our opinion, the better rule. In Howell v. Adams, *supra,* the court of appeals of

New York uses the following language: "The defendant insists that the cause of action on the certificate issued in 1863 was barred by the statute of limitations. The action was commenced in 1871, and it is claimed that the right of action accrued immediately upon the issuing of the certificate without previous demand. This question has been settled by authority. Downes v. Bank, 6 Hill, 297; Payne v. Gardiner, 29 N. Y. 146. We think it is in accordance with the general understanding of the commercial community that a bank is not liable to depositors except after a demand of payment. The fact that a certificate is given upon a deposit being made, payable on the return of the certificate, instead of leaving the deposit subject generally to check or draft, does not change the reason of the rule that the banker must be first called upon for payment before an action can be maintained." As no right of action accrued upon this certificate of deposit before a demand, and the statute of limitations not commencing to run until demand is made, this action was not barred, as no demand was made until a short time prior to the commencement of the action.

The second question involved in this case is one of more difficulty. Upon this subject our code provides as follows: "The liability of a general partner for the acts of his copartners continues, even after a dissolution of the partnership, in favor of persons who have had dealings with, and given credit to, the partnership, during its existence, until they have had personal notice of the dissolution; and in favor of other persons, until such dissolution has been advertised in a newspaper published in every county where the partnership, at the time of its dissolution, had a place of business; to the extent, in either case, to which such persons part with value, in good faith, and in the belief that such partner is still a member of the firm." Section 4059, Comp. Laws. The first question arising under this section is, what construction is to be placed upon the clause, "in favor of

persons who have had dealings with, and given credit to, the partner-
ship, during its existence, until they have had personal notice of its
dissolution?" It is contended on the part of the appellant that the
plaintiff in this action, by making the two deposits of $40 and $35 in
1884 brought herself within the provisions of the section, and is en-
titled to recover in this action unless she had actual notice of the dis-
solution of the partnership. The respondent, on the other hand, con-
tends that these two deposits do not constitute evidence that she was
in the habit of dealing with the partnership, and that by reason of
these acts she cannot be said to be a person who has "had dealings
with, and given credit to the partnership," within the meaning of the
section above quoted. Section 4059 of our code is a verbatim copy
of Section 1315 of the civil code prepared by the commissioners for
the state of New York. In a note to that section the commissioners
refer to Vernon v. Manhattan Co., 22 Wend 183, and Clapp v. Rog-
ers, 12 N. Y. 283, as decisions upon which the section is based. In
Clapp v. Rogers, *supra,* it appears that the firm of Rogers & Co., on
the 13th of November, 1847, purchased a small bill of goods of the
plaintiff, amounting to $11.03, which were paid for in the spring of
1848; that the firm purchased another small bill of goods in the
spring of 1848, amounting to $20.40, and paid for the same in De-
cember, 1848; that on the 1st of January, 1849, the copartnership was
dissolved; that between the 25th of January, 1849, and April,
1850, the plaintiff sold and delivered to said firm goods to the value
of $1,175.42. The action was brought to recover of the with-
drawing partner the amount of the last mentioned bill on the ground
that the plaintiff had no actual notice of the withdrawal of said de-
fendant from the firm. The court held that the plaintiff was entitled
to recover. It will be noticed that the transactions in that case between
Rogers & Co. and Clapp were very similar to the transactions in the

case at bar. In that case the court said: "What shall constitute a dealing with a firm which will make it requisite to give a personal notice of the withdrawal of a partner has not often been the subject of discussion. The question was considered in Vernon v. Manhattan Co., 22 Wend. 183, but that case does not in its particular facts, bear very strikingly upon the present question. We are disposed, how-ever, to adopt the rule laid down in that case by the chancellor. He said that the word 'dealing,' when used in reference to this question, was a general term 'to convey the idea that the person who is entitled to actual notice of the dissolution must be one who has had business relations with the firm by which a credit is raised upon the faith of the copartnership;' and he refers to Bell's Commentaries, where it is said that 'a credit already raised upon the faith of the partnership is presumed to be continued on the same footing unless special notice of a change shall be given.' 2 Bell, Comm. 640. * * * But, as before remarked, I am of opinion that a credit was given in this case, though it was not for any definite time; and this brings it within the rule stated by the chancellor. * * * The rule requiring notice proceeds upon a general presumption that one giving credit to a mercantile firm does so upon the responsibility of the individual partners; and we cannot annex to it a distinction based upon the amount of the credit without destroying that certainty which is essential to its utility." It would seem, therefore, that the commissioners, in recommending this section, intended to lay down a general rule embracing all persons who have had dealings with, or given credit to, the partnership, without regard to the amount of the credit. And we must presume that the codifiers of our own code, and the legislature that adopted it had the same rule in view. If, as claimed by the appellant, she did make the deposits mentioned, receiving therefor certificates of deposit signed in the firm name, we must presume that credit

was given upon the responsibility of the individual members of the firm, and that she had a right to assume that the firm continued as it then existed at the time she deposited the $500; and if she, in good faith, believed, when she made that deposit, that the defendant was still a member of said firm and she had no personal notice to the contrary, her previous transactions with the firm would entitle her to recover if in fact those deposits were actually made as claimed by appellant. Upon this question there is a conflict in the evidence, and the case should have been submitted to the jury.

It is contended on the part of the respondent that to entitle the appellant to recover she must have been in the habit of dealing with the firm. It is true this language is used in Story on Partnership (§ 161), and by Mr. Justice BREWER in delivering the opinion of the supreme court of Kansas in Merritt v. Williams, 17 Kan. 287; but it will be noted that this is not the language of our statute, and we cannot so construe it as to embrace such language without interpolating into the statute other words, which in this case we are not authorized to do. We are inclined to say, in the language of the court in Clapp v. Rogers, *supra,* that this case does not afford a very striking exemplification of the rule, for the dealing was so limited in amount that there is no great reason to believe that the plaintiff would have taken the trouble to ascertain who the partners were. We cannot, however, say positively that she did not. It would be dangerous for this court to attempt to graft upon this section exceptions or limitations that have not been provided by the legislature. These views lead to the conclusion that the learned circuit court erred in directing a verdict, and the judgment of that court is reversed, and the case remanded for a new trial.