(63 Misc. Rep. 348.)

### GRIGGS & CO. v. LEVY et al.

(Supreme Court, Appellate Term.   May 27, 1909.)

PARTNERSHIP (§ 241*)—RETIREMENT OF PARTNER—NOTICE.

    A partner, who, though an inactive, was not a secret, partner, and so not a dormant partner, was not relieved of the necessity of giving notice of retirement, to escape liability for goods sold to the firm, continued in its old name, after his retirement, by a person who had previously dealt with the firm, though he did not know who were the partners.

    [Ed. Note.—For other cases, see Partnership, Dec. Dig. § 241.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Griggs & Co. against Sadie Levy, impleaded with others. From an adverse judgment, plaintiffs appeal. Reversed, and new trial ordered.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Nathan Kalvin, for appellants.

Benjamin M. Levy, for respondent.

LEHMAN, J.   The plaintiffs have brought an action for the sum of $266.79 for goods sold and delivered to the defendants between the 6th day of January, 1909, and the 18th day of February, 1909. Viewing the testimony given at the trial in the light most favorable to the defendant Sadie Levy, and disregarding a number of circumstances which would tend to throw grave suspicion upon her good faith, it appears that the defendants were copartners doing business under the name of the New York Special Delivery Company from December 1, 1908, to January 1, 1909, and that on the 11th day of December a certificate was filed that the defendants were conducting the business theretofore done by Reiss & Rosenberg under the firm name of the New York Special Delivery Company. It further appears that the plaintiffs did business with the defendants during the month of December, and continued to do business with the New York Special Delivery Company after the alleged dissolution on January 1st, and without any knowledge of the dissolution.

The defendants concede that it is the general rule that a partner can only relieve himself from liability for subsequent transactions had with his former partners in the partnership name by giving notice of his withdrawal; but they claim that this rule is only true when the creditor knew that the retiring partner had been a member of the firm. In this case the plaintiff has honestly admitted that he never knew who

were the partners of the New York Special Delivery Company. and never knew that the defendant Sadie Levy was a partner. After this admission was made the trial justice gave judgment for the defendant. The trial justice seems to have misunderstood the law upon this question. The test of whether a retiring partner is obliged to give notice of his retirement is whether such retirement might affect the credit of his firm.

The question has been considered in Elmira Iron & Steel Rolling Mill Co. v. Nathaniel C. Harris, 124 N. Y. 280, 26 N. E. 541. It was there decided that only a dormant partner need give no notice, "because, his connection with the firm not having been known, it cannot have contributed in any degree towards establishing the credit of the firm, and consequently his withdrawal could not take away a single element which helped to build up the business, reputation, and credit of the partnership." The term "dormant" partner implies both inactivity and secrecy. In this case Sadie Levy was an inactive partner; but, since she filed a public certificate that she was doing business as a member of the firm, she was certainly not a secret partner, and her connection with the firm was certainly an element in its credit. That the plaintiff did not know who constituted the firm is immaterial. As the court pointed out in a similar case (Howell v. Adams, 68 N. Y. 314), "he trusted the copartnership, whoever the persons might be who composed it."

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

