JAMES M. SHUTE, JR. *vs.* PACIFIC NATIONAL BANK.

Suffolk. Nov. 30, 1883. — Feb. 28, 1884. C. ALLEN & HOLMES, JJ.,
absent.

A certificate of deposit issued by a national bank is not a promissory note, within the meaning of the Gen. Sts. c. 53, § 10; and, in an action thereon by a person to whom it has been transferred by the depositor, the bank is not entitled to set off the amount due upon a promissory note given by the depositor to, and discounted by, the bank, the certificate being issued for the proceeds of such note.

CONTRACT upon three certificates of deposit, one of which was as follows: "The Pacific National Bank of Boston, Mass. $1000. Boston, May 18, 1881. This certifies that Wm. H. Nichols has deposited in this bank one thousand dollars, payable to the order of himself on return of this certificate properly indorsed. J. M. Pettingill, cashier. No. 1807. [Indorsed] Wm. H. Nichols." The other two certificates were similar in form, except that one was dated August 13, 1881.

At the trial in the Superior Court, before *Pitman*, J., the action was defended by the receiver of the defendant bank, appointed under the laws of the United States, who filed a declaration in set-off upon two promissory notes, which were given by said Nichols to, and discounted by, the bank at the time the certificates of deposit in suit were issued to him, and were not paid by him at their maturity. Nichols indorsed the certificates to the plaintiff, who received them for a valuable consideration and without notice of any infirmity, soon after their issue; but the defendant had no notice of such transfer until March 18, 1882, when the plaintiff demanded payment thereof.

The defendant asked the judge to rule that the certificates declared on were promissory notes payable on demand, within the meaning of the Gen. Sts. c. 53, § 10; and that the amount due upon the two notes declared on in set-off should be set off against the plaintiff's claim. But the judge declined so to rule.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*A. A. Ranney*, for the defendant.
*G. W. Morse*, for the plaintiff.

COLBURN, J.  The certificates of deposit upon which this action is brought, though having in most respects the incidents of promissory notes, and classed as such, differ from common promissory notes in important particulars.  Such a certificate is not merely a promise to pay a certain sum, but it declares that a certain fund has been deposited, which is payable to the depositor, or his order, on the return of the certificate properly indorsed.

A promissory note, payable on demand, is due as soon as it is given; an action may be brought upon it immediately, without demand; and the statute of limitations begins to run against it from its date.  *Field* v. *Nickerson*, 13 Mass. 131.  *Newman* v. *Kettelle*, 13 Pick. 418.  *Burnham* v. *Allen*, 1 Gray, 496.

A certificate of deposit is not due until a demand is made and the certificate returned or tendered.  *Bellows Falls Bank* v. *Rutland County Bank*, 40 Vt. 377.  *Munger* v. *Albany City Bank*, 85 N. Y. 580.  Such certificates are issued with the design that they shall be used as money, and taken with as much confidence as the bills of the bank, and to avoid the risk and inconvenience of keeping, carrying, and counting sums of money, and are so regarded in mercantile affairs.  *Merchants' Bank* v. *State Bank*, 10 Wall. 604, 648.

The statute relied on by the defendant is founded on the principle that a person who takes an overdue note takes it subject to all the equities between the original parties, and that a promissory note on demand is overdue as soon as given; *Lewis* v. *Brooks*, 9 Met. 367; but a certificate of deposit is not due until demand made.  Such certificates are not commonly known in the community as promissory notes.  To include them in the statute making promissory notes on demand subject to all the equities between the original parties, would defeat entirely the purpose for which they are given.  " All statutes are to receive a reasonable construction; and the language used in them, where it is not professedly technical, is to be taken in its ordinary acceptation in the community; so that all may understand its meaning and intent."  *Commonwealth* v. *Wyman*, 8 Met. 247, 254.

We are of opinion that the certificates of deposit in this case are not within the letter or spirit of the Gen. Sts. *c.* 53, § 10,

(Pub. Sts. *c.* 77, § 14,) and that the defendant is not entitled to the set-off it claims against them.

The fact that the certificates were issued for the proceeds of certain notes discounted by the bank for Nichols, is immaterial. The proceeds of the discounts became at once his money, and he might as well deposit that as any other money for the certificates.

The form of the judgment, if affected by the fact that the bank is in the hands of a receiver, is to be settled in the Superior Court. *Exceptions overruled.*