## HAGOOD'S APPEAL.

### *IN RE* SMITH v. STEEN.

1. CALL FOR CREDITORS—STATUTE OF LIMITATIONS—PLEA.—Where a creditor comes in under call, and presents his claim against the estate of his deceased debtor, the plaintiff, the administrator of deceased, makes a sufficient plea of the statute of limitations against the claim so presented, by having the plea entered upon the minutes of the master, though it would be better practice to make it formally in writing.

2. PRESUMPTION OF PAYMENT—LIMITATIONS OF ACTIONS—DEPOSIT.—A paper in these words, "Received of T., one hundred dollars, to be returned when called for," dated and signed by the maker, is a mere certificate of deposit; and until demand made by the depositor for the return of the money, or tender by the bailee, no cause of action arose thereon, and the statute of limitations and presumption of payment from lapse of time are inapplicable.

3. IBID.—TRIER.—The question of presumption of payment is one of fact, but must be passed upon by the Circuit Judge in all cases where he sits as a trier of facts.

Before HUDSON, J., Greenville, March, 1892.

Appeal by J. E. Hagood, receiver, from order disallowing his claim, presented under a call for creditors in the case of Julius C. Smith, as administrator, against Margaret M. Steen *et al.*

*Mr. Isaac M. Bryan,* for appellant.

*Mr. H. J. Haynsworth,* contra.

February 23, 1893. The opinion of the court was delivered by
MR. JUSTICE POPE. On the 20th day of September, 1869, Thomas Steen made and delivered unto G. F. Townes, Esq., the following paper in writing: "Received of G. F. Townes, one hundred dollars, to be returned when called for, this 20th September, 1869. Thomas Steen." Thomas Steen died on the 7th July, 1889. Julius C. Smith became the administrator of his estate on the 12th day of August, 1889. On the 10th day of August, 1891, such administrator exhibited his complaint against the heirs at law of Thomas Steen, deceased, to sell lands to aid personalty in payment of Steen's debts. An order was made in this action to call in the creditors of the estate of Steen. Amongst such creditors, the appellant, J. E. Hagood, as receiver of Col. G. F. Townes, appeared and presented the paper which has already been set out by an exact copy. At the reference before the master, the paper was proved to be in the handwriting of Col. Townes, a lawyer of experience and ability, and the signature was proved to be that of Thomas Steen. No demand upon Steen by Townes was proved, nor any offer of Steen to return the money. But the administrator pleaded orally the statute of limitations, and payment presumed from lapse of time. This plea was sustained by the master, and, on exception, Judge Hudson concurred with the master.

The appellant now seeks to reverse such decree of Judge Hudson, because: 1. The presiding judge erred in sustaining the master's report, and overruling the exceptions of said Hagood, receiver, to said report, because: A. The statute of lim-

itations having been pleaded orally only against said claim by the plaintiff's attorneys, the same could not avail the plaintiff. B. The paper proved as a claim against the said estate is a certificate of deposit, and, as such, the statute could not commence to run until after demand made by payee, or tender made by maker, and there being no evidence whatsoever of such demand, or tender, the statute had never commenced to run, and the claim was not barred. C. As long as the statute was suspended, there could be no presumption of payment.

As to the exception "A," we cannot agree with the appellant. The only pleadings in an action are the complaint, answer, demurrer, and reply. Where a plaintiff has exhibited his complaint, embodying the facts material to his prayer for relief, and that complaint has been duly answered, so that the court is able to see the necessity of a reference to the master for the purpose of enabling creditors of an intestate, or testator, or even a living person, to present and establish their demands, as required by the order of court, it is not incumbent upon a personal representative to file, in writing, a plea of the statute of limitations, or a plea of payment from lapse of time. No doubt, the better practice might be to do so, but it is sufficient if these, or either of these, pleas to any one or more of such demands, shall be entered upon the minutes of the master. In a case on the law side of the Court of Common Pleas, when a specific demand is sued upon, then it is incumbent on the party to the cause who wishes to avail himself of the plea to embody in his pleadings the statute of limitations; and the reason therefor is obvious. But the same result does not obtain in the Court of Equity, when, after the formal pleadings are all concluded, and on reference to the master, it becomes necessary to antagonize claims, for the first time then presented, by this plea.

Next we will consider the exception "B." Here we agree with the appellant. It is very clear, under the admitted facts in the "Case," that the paper writing, held by him in his character as receiver, is a certificate of deposit whose payment has never been demanded by the payee, or tender made by the maker. Under such circumstances, we

cannot admit that either the plea of the statute of limitations or the plea of payment arising from lapse of time, would avail to destroy the appellant's right to present such demand as subsisting indebtedness against the estate of Thomas Steen. In the case of *Suber* v. *Chandler*, 18 S. C., 528, it was said: "It may be stated as a general proposition that *a right of action* accrues the moment *a cause of action* (italics ours) arises, and not before." Now, applying that principle of our law to the facts of the case at bar, when may it be said that a cause of action arose? Col. Townes, in the certificate of deposit made and delivered to him by Thomas Steen, became bound to call for the return of the money deposited, and Steen must have neglected or refused to honor his call before any cause of action in regard to such deposit arose. This did not happen with either of the parties to such transaction. Hence no cause of action existed, and, as we have seen, if no cause of action arose, no right of action existed.

The last ground of exception, "C," will be next considered. A part of this exception might be considered as included in our notice of exception "B"—that relating to the plea of the statute of limitations—so much of it as relates to the presumption of payment arising from lapse of time. We notice in appellant's argument that he suffers himself to err, when, on the authority of *Stover & Barnes* v. *Duren*, 3 Strob., 450, he asserts that "presumption of payment is not a rule that a court can apply." His proposition is correct when applied to cases on trial before a jury, for the presumption of payment being one of fact, and the jury, under our system, being the triers of facts in issue in a case submitted to them, of course, the Circuit Judge in such a case cannot do more than announce the rule, and let the jury apply it to the facts. But this position by no means negatives the power of a Circuit Judge, sitting as a chancellor, to pass upon the rule and facts necessary to its application. He unquestionably has the power in all equity cases; in fact, in all cases when a jury is dispensed with.

We do not think there can be said to be a presumption of payment in this case. There is a strong analogy between the statute of limitations and the presumption of payment

2    arising from lapse of time.    This court had an interest-
     ing question, somewhat akin to those here involved, in
the case of *Nobles* v. *Hogg*, 36 S. C., 328, where it became neces-
sary to announce some rule where a trustee did not pay inter-
est annually to his *cestui que trust*, when the *cestui que trust* made
no demand for such interest.    After the lapse of many years,
she did demand such interest, and the trustee pleaded the
statute in his defence.    This court held in such case, that "the
non-payment of the interest yearly must be accompanied, in
order to enable the trustee to plead the statute, with some act
or declaration of the trustee touching his duty to his *cestui que
trust*, whereby he plainly manifests his purpose to place her at
defiance by refusing to pay interest."    Now, in the bailment
in the present appeal being considered, we have just held that
the statute of limitations could not be pleaded on principles in
sympathy with those announced in *Nobles* v. *Hogg*, *supra;* and
as the same principles should apply in cases of presumption of
payment from lapse of time, and as such principles can have
no support for their application in the facts of this case, we
must refuse to sustain the decree below.

It is the judgment of this court, that the judgment of the
Circuit Court be reversed, and the cause remanded to such
court to enforce the decision here rendered.