## Richard O'S. Burke v. Josephine E. Dunning.

1.  EXCEPTIONS—*Absence of, etc.*—Where no exceptions are taken to the action of a trial court upon a motion, no complaint can be made of the action of the court upon such motion.

2.  ABSTRACT—*Failure to Show Judgment, etc.*—When the abstract fails to show the judgment of the court below and contains no assignment of errors, it is sufficient to justify the Appellate Court in affirming the judgment.

3.  JUDGMENTS—*A Judgment for Costs, is in Bar.*—A judgment against the plaintiff for costs before a justice of the peace, entered upon a verdict for the defendant, is final, and is a judgment in bar.

Transcript, from a justice of the peace. Error to the Circuit Court of Cook County; the Hon. CHARLES T. NEELY, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed December 16, 1897.

M. B. GEARON and D. RYAN TWOMEY, attorneys for plaintiff in error.

The transcript of the justice shows the form of the pretended judgment as follows:

And upon verdict to the court, renders judgment in favor of the defendant against the plaintiff for costs of suit.

Plaintiff contended that this is a judgment for costs only, and a judgment for costs is not a final judgment. Lee v. Yanaway, 52 Ill. App. 23; Frederick v. Connecticut River Savings Bank, 106 Ill. 147; Nichols v. Hail, 5 Neb. 194; Alton L. & C. Co. v. Calvey, 41 Ill. App. 597.

A judgment for costs alone, though entered for the defendant, after the jury has found a verdict in his favor, is not final, and can not be made the subject of revision or appeal. Freeman on Judgments (3d Ed.), Sec. 16.

LOUIS E. HART, attorney for defendant in error.

A judgment for costs against a plaintiff before a justice of the peace is a judgment in bar. Zimmerman v. Zimmerman, 15 Ill. 84.

Technical accuracy in transcripts of justices of the peace can not be required. Payne v. Taylor et al., 34 Ill. App. 491.

The appearance of plaintiff in error in the Circuit Court and his proceeding to trial without objection bars plaintiff in error from questioning the jurisdiction of that court by reason of any preliminary proceedings. Northrup v. Smothers, 39 Ill. App. 588; Randolph County v. Ralls, 18 Ill. 29; Phillips v. Hood, 85 Ill. 450; Birks v. Houston, 63 Ill. 77.

Mr. Justice Windes delivered the opinion of the Court.

Defendant in error sued plaintiff in error before a justice, where, on a jury trial, a verdict was rendered finding the issues for defendant, on which verdict the justice gave judgment in favor of defendant and against the plaintiff for costs. The plaintiff appealed to the Circuit Court, where, the defendant having entered his appearance on July 17, 1894, the case was called for trial on June 23, 1896, and a trial had, resulting in a judgment for plaintiff in the sum of $200 and costs. At the July, 1896, term of said Circuit Court, defendant (plaintiff in error) entered a motion to set aside said last mentioned judgment, which motion was continued to the September, 1896, term, and again on May 5, 1897, entered another motion to vacate said judgment, which was overruled. It does not appear from the record that defendant was present either in person or by attorney at the rendition of the judgment of June 23, 1896, but he took no exception to the action of the court in overruling his motion to vacate the judgment, made May 5, 1897. No exception being taken, no complaint can be made of the court's action on this motion.

The abstract fails to show the judgment of the court, and contains no assignment of errors, which is sufficient to justify this court in affirming the judgment of the Circuit Court. Gibler v. City of Mattoon, 167 Ill. 22.

The record, however, is short, and we have thought proper to examine it. It shows the judgment of the court, as well as an assignment of errors, which is that it was error to render said judgment and overrule the motion of

plaintiff in error to vacate the same.    It is claimed that the. judgment before the justice, being for costs only, was not a final judgment, from which an appeal would lie to the Circuit Court, and therefore that the Circuit Court had no jurisdiction.

In Zimmerman v. Zimmerman, 15 Ill. 84, it was held that a judgment by a justice against a plaintiff for costs, without stating in whose favor, was a judgment in bar—a final judgment.

The filing of the bond, transcript and appearance of plaintiff in error in the Circuit Court, gave that court jurisdiction of the parties.    It had jurisdiction of the subject-matter, the suit being for failure to pay a certain demand not exceeding $200.    Buettner v. Norton, etc., Co., 90 Ill. 415.

In Titley v. Kaehler, 9 Brad. 541, Judge Bailey said, speaking of the proceeding on appeal from a justice:   "The appeal is merely a mode by which the parties and the matters in controversy between them are brought before the court; but the appeal being once perfected and the parties in court, their relations to the court and to each other are identical with those of parties to original actions."

The same judge, in Reynolds v. DeGeer, 13 Brad. 113, in speaking of the effect of an appeal, said:   "The whole controversy was opened and the case was thenceforth in the same plight as though no trial had been had or judgment rendered upon any of the issues submitted to the justice." That being so, plaintiff in error is in no position to complain, even if no judgment whatever had been rendered by the justice.

In Quinn v. People, 146 Ill. 281, it was said by the Supreme Court, speaking of a defendant entering into a recognizance, " that a party can give jurisdiction of his person to a court having jurisdiction of the subject-matter, by consent, in cases civil or criminal, is so clear that it admits of no argument."

The judgment is affirmed.