## James H. Gilbert, for the use of Harris et al., v. Thomas W. Sprague et al.

1. CHATTEL MORTGAGES—*Extension Under the Statute.*—Under the statute (R. S., Ch. 95, Sec. 4,) a chattel mortgage may be extended by filing for record the affidavit prescribed by the statute within thirty days next preceding the maturity of the debt secured by such mortgage.

2. SAME—*What is a Sufficient Extension.*—A chattel mortgage securing a note becoming due on December 15, 1892, is legally extended by the filing of the affidavit on the day it becomes due.

3. MATURITY—*Of Commercial Paper—Definition.*—Maturity, when applied to commercial paper, means the time when the paper becomes due and demandable.

4. COMMERCIAL PAPER—*Days of Grace Abolished.*—Prior to the act of 1895 (Laws 1895, 261) the law of Illinois gave to the maker of a note three days of grace in which to make payment in addition to the time provided for in the note itself, and until the lapse of these days no negotiable instrument was payable, demandable or enforceable, and consequently did not mature.

5. CORPORATIONS—*Execution of Chattel Mortgages by.*—The fact that a chattel mortgage executed by a corporation was acknowledged three days before the resolution of the board of directors authorizing it was adopted, does not invalidate it, where it was not delivered and filed for record until after the adoption of the resolution.

6. SAME—*Effect of Affixing the Corporate Seal.*—The fact that a resolution of a corporation authorizing the execution of a chattel mortgage does not specify who the president is, nor who it is that is authorized as president to execute and deliver the mortgage, is cured by the authenticity given to the act of the person acting as president by the corporate seal affixed to the mortgage purporting to be executed by him as president in the name of the corporation.

7. APPELLATE COURT PRACTICE—*Insufficient Abstract of a Judgment.*—An abstract of the record of a judgment which merely refers to the judgment as "judgment on finding" is a mere index and does not furnish material upon which to base grounds for the reversal of the judgment.

8. SAME—*Exceptions to Judgments Must be Preserved.*—The fact that no exceptions to a judgment were preserved, when the trial is before the court without a jury, is fatal not only to the point but to the whole case.

Replevin.—Error to the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed May 4, 1900.

MASTERSON & HAFT, attorneys for plaintiff in error.

Defrees, Brace & Ritter, attorneys for defendants in error.

Mr. Justice Shepard delivered the opinion of the court.

This was a suit upon a replevin bond. The trial was before the court without a jury.

The questions presented for review arise wholly upon propositions of law that were submitted to and refused by the court.

The first contention of plaintiff in error is that the affidavit for an extension of the chattel mortgage, through which defendants in error claim, was not filed for record, etc., within the time limited by the statute.

The statute (Sec. 4, Ch. 95, entitled Mortgages) provides for the extension of chattel mortgages, if " within thirty days next preceding the maturity" of the debt secured, such an affidavit as the statute prescribes shall be filed for record, etc.

The mortgage in question was given to secure a promissory note bearing date October 15, 1892, payable sixty days after its date. The affidavit for extension was filed for record in the recorder's office December 15, 1892, and a duplicate affidavit was filed with the justice of the peace on the same day.

The argument is, that such filing was not within thirty days next preceding the " maturity " of the debt, within the meaning of the statute—or, to put the proposition more concretely, that days of grace were not entitled to be considered in ascertaining the maturity of the note, within the intent of the particular statute.

" Maturity " means, in this connection, the time when a bill or note becomes due and demandable. Bouvier's Law Dictionary; The Century Dictionary.

At the time of the transaction in question the law of Illinois, following the law merchant upon the subject, gave to the maker of a note three days of grace in which to make payment, in addition to the time contracted by the note itself, although by a subsequent statute (1895) the right thereto

was taken away. Until the lapse of such days of grace no negotiable instrument was payable, demandable or enforceable, and consequently did not mature.

We had occasion, in Richards v. Matson, 51 Ill. App. 530, to consider the effect of the word "maturity," as employed in another part of said section 4, chapter 95, and there held that it meant the time contracted for in the note, with days of grace added, as effectually as though the added days were written on the face of the note.

So, here, the note did not become payable until December 15, 1892, and the required affidavit being filed on that day, it was done within the thirty days next preceding the maturity of the debt.

The succeeding contentions of plaintiff in error relate to the validity of the mortgage itself. The mortgage on its face purports to be given by the mortgagor corporation, and is signed in its name, by one Stewart, president, and attested by one Bingham, secretary, and has the seal of the corporation affixed.

A resolution of the board of directors was adopted authorizing the president of the corporation to execute and deliver to the same person who is named as mortgagee, a chattel mortgage as security for the exact amount of the note specified in the mortgage. Numerous technical objections are made but we regard only two of them as being worthy of comment.

The mortgage was acknowledged three days before the resolution of the board of directors was adopted, but it was not filed for record before that day, nor was it delivered until after the resolution was adopted.

The circumstance that the resolution did not specify and that it was not otherwise shown who the president of the corporation was, nor who it was that was authorized as president of the mortgagor to execute and deliver the mortgage, is cured, if it were a defect, by the authenticity given to the act of Stewart, by the corporate seal of the corporation affixed to the mortgage purporting to be executed in the corporate name by him as president. West Side Auc-

tion House Co. v. Connecticut M. L. Ins. Co., 85 Ill. App. 497; Anderson Transfer Co. v. Fuller, 73 Ill. App. 48.

It is further argued that plaintiff in error was entitled to recover nominal damages, at least. *Non constat* he did so recover. All that is shown by the abstract relating to the judgment is, "judgment on finding."

Such a mere index does not furnish material upon which to base grounds for the reversal of a judgment. Burke v. Dunning, 72 Ill. App. 193; Amundson Printing Co. v. Empire Paper Co., 83 Ill. App. 440.

Furthermore it does not appear that any exception to the judgment was preserved. This is fatal not only to this point but to the whole case (Wehrheim v. The Thiel Detective Agency, 87 Ill. App. 565); and if discovered sooner would have obviated the occasion for much we have spoken of. The judgment is affirmed.