## TOBIN v. McKINNEY.

1. Comp. Laws, § 4465, providing that a negotiable instrument not specifying time of payment is payable immediately, is subject to Section 4571, declaring foregoing provisions as to the rights and obligations of the parties to contracts subordinate to their intention.

2. A certificate of deposit, payable to the order of the depositor on return of the certificate does not mature until so returned, and limitations do not run against it, nor can an action be maintained thereon, until demand; Comp. Laws, § 4570, declaring that a transferee of a certificate of deposit, "after its apparent maturity," acquires title equal to

that of a transferee before, contemplating a period of time between the issuance and the maturity of such certificate.

(Opinion filed December 31, 1901.)

On rehearing.    Reversed.

For former opinion, see 14 S. D. 52, 84 N. W. 228.

*N. J. Cramer,* for appellant.

*Keith & Warren,* for respondents.

FULLER, P. J.    The facts essential to a proper understanding of all that is urged on this rehearing are fully stated in Tobin v. Mc-Kinney, 14 S. D. 52, 84 N. W. 228, and the only question of law to be determined is whether the statute of limitations began to run on a certain certificate of deposit before payment was demanded. Like any other contract, the character of a certificate of deposit depends upon the intention of the parties, as disclosed by the terms of such instrument; and section 4465 of the Compiled Laws, providing that "a negotiable instrument which does not specify the terms of payment is payable immediately," is, by a general provision, made "subordinate to the intention of the parties, when ascertained in the manner prescribed by the chapter on the interpretation of contracts" (Comp. Laws, § 4571).    Now, this transaction, being a deposit of money for safe-keeping neither party contemplated the execution of a contract bearing inceptively the stamp of dishonor, upon which a cause of action accrued instantaneously, without first calling upon the banker for payment, and the terms of the instrument will bear no such construction.    While its negotiability is not destroyed by the provision, "payable to the order of herself, in current funds, on return of this certificate properly indorsed," the date of maturity is thereby expressly made to depend on an act to be performed by the holder in reference thereto, and nothing was payable thereon until the happening of such contingency.    If no time is to elapse

between the issuance of a certificate of deposit and its actual and apparent maturity, section 4570 of the Compiled Laws, providing that "a transferee of a certificate of deposit, after its apparent maturity or actual dishonor within his knowledge, acquires a title equal to that of a transferee before such event," is wholly inoperative and meaningless withal. According to the usual practice of commercial communities, this certificate was made payable on its return to a place specified, which, in itself, is equivalent to an agreement between the parties that the banker must be first called upon for payment before an action can be maintained. Had the deposit been made subject to check, appellant's right to demand the money at any time would have been no greater than it is at present, and the difference in such transactions in no way encroaches upon the doctrine that a depositor must demand payment before the institution of a suit to recover his money. The rule arises from the reason that it would be grossly unjust to give a depositor for an indefinite period the right to sue the next moment, without the slightest intimation that he desired to recall his money; and there is nothing in our statute to justify the inference that without a demand a suit is maintainable on a certificate of deposit in the usual form. Adhering to our former opinion, the judgment appealed from is reversed, and the case remanded for a new trial.