KYSELKA v. FIRST NAT. BANK
OF PAWHUSKA.

No. 33808.   Nov. 21, 1950.

Rehearing Denied March 13, 1951.

Application for Leave to File Second
Petition for Rehearing Denied
May 8, 1951.

*230 P. 2d 911.*

H. P. White, Pawhuska, for plaintiff in error.

Hamilton & Kane and Robert Stuart, Pawhuska, for defendant in error.

GIBSON, J. The parties to this appeal occupy the same relative positions as in the trial court, and will be referred to as plaintiff and defendant, respectively.

This is an action for a money judgment on a certificate of deposit which is as follows:

"Pawhus (hole) Oklahoma,
Aug 4 1917 No. 120

"THIS CERTIFIES,

That Frank Kyselka      $600
Has Deposited With
AMERICAN NATIONAL BANK
of Pawhuska Oklahoma

Six Hundred & NO _ _____ DOLLARS, "Payable to the order of himself on the return of this Certificate properly endorsed, twelve months after date, with interest at 5 per (torn edge) cent, per annum. No interest paid after due.

"CH, F. Stuart Cashi (torn)"

The sole question involved is whether the deposit bears interest after the expiration of twelve months from the date of the deposit.

On March 14, 1947, plaintiff holder of the certificate made demand for the payment thereof in the amount of the principal sum together with interest at the rate provided from the date of the certificate to date of the demand. Defendant refused to pay in accordance with the demand but tendered to plaintiff the sum of $630, same being the principal of the deposit together with interest thereon for the period of twelve months, which was refused. Thereafter, on April 12, 1947, plaintiff instituted this action for the recovery of principal and interest in accordance with his de-mand. Defendant denied liability except to the extent of $630, pleaded the tender made, and deposited the amount thereof in court. The court awarded plaintiff judgment in the sum of $630 and directed the deposit to be applied in the satisfaction thereof.

The sole question involved here is whether the interest provided in the certificate ceases with the expiration of twelve months or continues until demand for payment on return of the certificate.

It is contended that the word "due", as used in the certificate, has reference to the time when demand is made. And many authorities are cited where such a construction is given. The cases, however, deal chiefly with the question of when liability to action arises and the time that the statute of limitations begins to run. In the instant case the question of limitations is not involved and the date of the accrual of plaintiff's right of action is immaterial. The word "due" is susceptible of so many meanings that any rule of construction that would isolate the word from the context in which same is used would be misleading rather than helpful. In 19 C. J. 818, sec. (1), the meaning of the word is thus stated:

"The meaning of the word seems to be influenced largely by the connection in which it is used, and while it has been the subject of many decisions by the courts, no general rule of interpretation can be safely stated therefrom."

In the succeeding section, (2), of the text, are stated the divers meanings of the word, among them "owing and demandable", "capable of being justly demanded", and "mature".

The law requires that a contract must be so interpreted as to give effect to the mutual intention of the parties, as it existed at the time of contracting, so far as the same is ascertainable and lawful (15 O. S. 1941 §152). And, further, that the language is to govern its interpretation, if the language is

clear and explicit, and does not involve an absurdity (15 O. S. 1941 §154).

It is manifest from the terms of the contract that the parties contemplated that the amount of the deposit should bear interest for a definite period and cease to bear interest thereafter. Prior to the expiration of twelve months there was nothing payable. With the expiration thereof both principal and interest became immediately payable but only on the surrender of the certificate and demand. During the twelve months period the bank was to enjoy the money completely freed from plaintiff's control. Thereafter, by the terms of the contract, it was as completely under plaintiff's control as an ordinary deposit, the only distinction being the method of exercising it, a surrender of the certificate in the one case and a check on the bank in the other. Considering the words "No interest paid after due" as having reference to the expiration of twelve months, when the obligation to pay matures and the deposit demandable, the language is not only clear and explicit but affords a construction that is definite and reasonable and capable of being carried into effect which is also enjoined by the law (15 O. S. 1941 §159). On the other hand, to hold that the word "due" had reference to the time when the demand is actually made, is to render futile the provision for the cessation of interest. When demand is actually made there must follow either payment or non-payment. If there is payment there could be no further interest. If there be no payment, interest, as damages, would accrue thence forward as a matter of law. Fidelity-Phenix Fire Ins. Co. of New York v. Board of Education of Town of Rosedale et al., 201 Okla. 250, 204 P. 2d 982. We deem it to be manifest that the word "due", as used, had reference to the date of the maturity of the deposit, which is twelve months after the date thereof, and that thereupon the deposit ceased to bear interest.

The certificate here presents a question no different in principle from that involved in Baxley Banking Co. v. Gaskins, 145 Ga. 508, 89 S. E. 516. There the certificate contained the following words: " . . . payable to the order of the administrator twelve months after date, on return of this certificate properly indorsed, with interest at the rate of 6 per cent per annum. Interest will cease at maturity." The court said:

"It is plain that the money could not be withdrawn under twelve months from the date of the certificate. It is also clear that the interest ceased after twelve months."

The conclusion there reached is in accord with the clear weight of authority on the question. See Verdi, Adm'x, etc., v. Helper State Bank, 57 Utah 502, 196 P. 225, 15 A.L.R. 641, and annotated note thereon in 15 A.L.R. 651.

In the judgment the court awarded plaintiff judgment in the sum of $5.50 for costs incurred in the action previous to the payment into court of the amount tendered by defendant. It is urged that the tender was insufficient by reason of such costs not being included therein. If no tender had antedated the action there might be merit in such contention. But, since a tender of the correct amount owing was made prior to the institution of the action, there obtained no basis for the action and therefore none for the court's judgment for costs against defendant. The contention is without merit.

Judgment affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. O'NEAL, J., dissents.

O'NEAL, J. (dissenting). The certificate of deposit, here involved, dated August 4, 1917, certifies that "Frank Kyselka had deposited with the American National Bank of Pawhuska, Oklahoma, Six Hundred and no - - Dollars,

payable to the order of himself on the return of this certificate properly endorsed, twelve months after date with interest at 5 percent per annum. No interest paid after due."

It is conceded that the American National Bank of Pawhuska changed its name to First National Bank of Pawhuska, and that the first National Bank of Pawhuska assumed all the liabilities of the American National Bank.

As stated in the opinion, the sole question involved is whether the deposit bears interest after the expiration of twelve months from the date thereof. The answer to that question depends upon when the debt represented by the certificate of deposit became due.

The overwhelming weight of authority is that such a certificate of deposit is not due until the certificate is returned and tendered to the bank and demand for payment is made. Petitioner in his brief cites some 22 cases from other states, and two from federal courts, which show that rule. They are:

Bank of Commerce v. Harrison, 11 N. M. 50, 66 P. 460; Fells Point Sav. Inst. v. Weedon, 18 Md. 320, 81 Am. Dec. 603; Finkbone's Appeal, 86 Pa. 368; Girard Bank v. Bank of Penn. Twp., 39 Pa. 92, 80 Am. Dec. 507; Hagood's Appeal, 38 S.C. 361, 16 S.E. 1003; Payne v. Gardiner, 29 N. Y. 146; Sharp v. Citizens Bank, 70 Neb. 758, 98 N.W. 50; Tobin v. McKinney, 14 S. D. 52, 91 Am. St. Rep. 688, 84 N.W. 228; Tobin v. McKinney, 15 S. D. 257, 91 Am. St. Rep. 694, 88 N. W. 572; Boughton v. Flint, 74 N. Y. 476; Brown v. McElroy, 52 Ind. 404; Emerson v. North American Transportation & Trading Co. (April 19, 1922) 303 Ill. 282, 135 N. E. 497, 23 A.L.R. 1; Estate of James Gardner, Deceased, John Leadey, Exec., 228 Pa. 282, 29 L.R.A. (N.S.) 685, 77 Atl. 509; Howell v. Adams, 68 N. Y. 314; Pardee v. Fish, 60 N. Y. 265; Munger v. Albany City National Bank, 85 N. Y. 580; Shute v. Pacific National Bank, 136 Mass. 487.

The general rule is that a certificate of deposit payable to depositor upon return of the certificate is not due until the certificate is tendered and demand for payment is made. That rule, with slight variations, is stated in 16 of the cases above cited.

In this case it is beyond question that the certificate of deposit was not returned to the bank, and that no demand for payment was made until March 14, 1947. Under the general rule the debt represented by the certificate did not become due until the certificate was returned to the bank and demand for payment was made on March 14, 1947.

The time limit, or "twelve months after date", stated in the certificate, merely fixed the time the deposit was required to remain with the bank before the depositor would be entitled to interest thereon. The statement "with interest at 5 per cent per annum" fixed the rate of interest the depositor was entitled to receive if the deposit was left with the bank for twelve months or more. Bank of Commerce v. Harrison, 11 N. M. 50, 66 P. 460.

It is quite true, as stated in the opinion, that the word "due" is susceptible of many meanings, depending largely upon the connection in which it is used. When applied to commercial paper, the word "due" means the time when the debt represented by the paper becomes demandable; that is, the time when an action may be maintained thereon to force payment. See Ardmore State Bank v. Lee, 61 Okla. 169, 159 P. 903, citing Gilbert v. Sprague, 88 Ill. App. 508.

The record shows that on February 21, 1927, more than nine years after the certificate of deposit was issued, and more than eight years after the "twelve months from date" had expired, the president of the bank, who was the person who signed the certificate when it was issued, wrote Mr. Kyselka, the plaintiff, a letter acknowl-

edging that the certificate of deposit was at that time drawing interest at 5% and offered to pay him $885 on receipt of the certificate endorsed by Mr. Kyselka.

That was a clear admission on the part of the bank that the certificate was drawing interest at 5 per cent.

Not being able to agree with the majority opinion, I therefore dissent.