The STILLWATER MILLING COMPANY, a Corporation, of Stillwater, Oklahoma, Plaintiff in Error,

v.

The FIRST NATIONAL BANK OF WEWOKA, Oklahoma, Defendant in Error.

No. 40316.

Supreme Court of Oklahoma.

April 21, 1964.

Swank & Swank, Stillwater, for plaintiff in error.

A. C. Kidd, Wewoka, Morris Flynn, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

The question herein involved is whether the trial court erred in sustaining defendant in error bank's motion for judgment notwithstanding jury verdict against it and in rendering judgment for such bank contrary to such verdict.

The action from which this appeal arose was brought by the plaintiff in error, Stillwater Milling Company, a corporation, hereinafter called plaintiff, against H. H. Bevelhymer, administrator of the estate of Jesse B. Smith, deceased, A. M. Smith, Cy Smith, Edmond Smith, Melford Smith and the First National Bank of Wewoka, Oklahoma, hereinafter called defendants as in the lower court, on June 14, 1961. Such bank is the only defendant in error named in this appeal and is hereinafter referred to as the bank.

In such action plaintiff sought to recover possession of forty (40) head of Holstein dairy cattle in which it claimed a special property interest under a chattel mortgage, or their value. That mortgage was given plaintiff to secure the payment of a promissory note dated November 4, 1959, for $5,101.78, and signed by Jesse B. Smith. The mortgage showed on its face it was subject to a "first mortgage to First National Bank, Wewoka, Oklahoma".

Mr. Jesse B. Smith died May 22, 1960. H. H. Bevelhymer was appointed administrator of his estate. A creditor's claim was filed by plaintiff and later allowed by the administrator.

The theory upon which plaintiff sought recovery was that the deceased's estate was insolvent and that the three defendants Smith commingled the cattle of the deceased with their own as was known to defendant bank in loaning money on such cattle and in receiving payment of the notes and mortgages.

In the trial of the case below, H. H. Bevelhymer, administrator of the estate, admitted that the estate owed the Stillwater Milling Company the amount of the note and mortgage. Defendant bank, at close of testimony, moved for a directed verdict. Such motion was denied. The jury was directed to and did return a verdict against the named administrator and also returned a verdict against all of the other defendants, including the First National Bank of Wewoka, for the sum of $5,101.78, and interest. Judgment was rendered against each of the defendants.

The defendant bank filed a motion for new trial and a motion for judgment notwithstanding the verdict. Although similar motions were filed by all the defendants other than the administrator and overruled, none of them have perfected an appeal. The court sustained the motion of the bank for judgment notwithstanding verdict and judgment was entered for the bank against plaintiff. Plaintiff appeals.

For reversal, plaintiff advances only one proposition, which is that "The trial court erred in sustaining defendant's 'Motion for Judgment Non Obstante' when there were issues of fact raised by the pleadings necessary to be determined by the jury and there were no special findings of fact by the jury contrary to the general verdict."

Plaintiff cites Myrick v. City of Tulsa, 175 Okl. 647, 54 P.2d 330, wherein we held:

"When jury has returned its verdict, trial court is without jurisdiction to enter judgment non obstante veredicto unless (1) party in whose favor judgment is rendered would be entitled to judgment on the pleadings, or (2) the jury has returned special findings of fact contrary to the general verdict."

Plaintiff contends that since the verdict was a general one and as no special findings of fact were made and as there were controverted issues of fact raised by the pleadings, the trial court committed error when he sustained motion for judgment on the pleadings.

Plaintiff does not argue that the evidence is sufficient to support the verdict against the bank. Rather it maintains "that the trial court erred by considering the evidence and not just the pleadings in this case when it sustained defendant's [bank's] motion" for judgment notwithstanding the verdict. We do not agree.

For the reasons hereinafter discussed, we have determined to examine the record with a view to ascertaining whether there is evidence to support plaintiff's verdict obtained against defendant bank.

Not a word of testimony was introduced of effect tending to show that defendant bank got a cent from the proceeds of the sale of Melford Edmond Smith's and Cy Smith's (and possibly some of deceased's, Jesse B. Smith's) cattle to A. M. Smith above the amounts of their respective notes and mortgages and interest, nor that such bank got a cent from the sale of the cattle by A. M. Smith above the amount of his note and mortgage and interest. The bank's president stated that Jesse B. Smith's estate got credit for $1271.00 (or $1231.00) paid by his son Melford Edmond Smith on deceased's cattle note and mortgage. No evidence was introduced of effect that the bank got any other money from the sale of anybody's cattle to apply on Jesse B. Smith's $7500.00 cattle note and mortgage. The difference was made up from proceeds of cashing in deceased's life insurance policies and other credits and $151.29 was still owing the bank thereon. Clearly that mortgage was prior to plaintiff's mortgage. Such fact was not controverted by any evidence.

When the motions for new trial and for judgment notwithstanding verdict were presented the trial court stated:

"I listened to the evidence thoroughly and when it was over I still couldn't see how the jury could hold the defendant, Bank, liable in this case. The fact of the business I would, A. C. I would have sustained your motion for a directed verdict but I was confident that the jury wouldn't hold them in there, I learned my lesson. So let the record show that so far as the Defendant, Bank, is concerned that the motion for judgment notwithstanding the verdict is sustained and the case is dismissed for insufficient evidence as to the bank."

Defendant in error contends for the proposition that "under statute, 12 O.S. 1961, § 698, motion for judgment notwithstanding the verdict neither is related to, nor performs the function of a motion for judgment on the pleadings, but only pro-

vides a means of questioning the sufficiency of the evidence to take the case to the jury".

12 O.S.1951 § 698 had provided:

"Where, upon the statement in the pleadings, one party is entitled by law to judgment in his favor, judgment shall · be so rendered by the court, · though a verdict has been found against such party".

In 1961 the Legislature amended the section above quoted. The section as amended, effective October 27, 1961, reads as follows:

"When a motion for a directed verdict which was made at the close of all the evidence should have been granted, the court shall, at the request of the moving party, render judgment in his favor though a verdict has been found against him, but the court may order a new trial where it appears that the other party was prevented from proving a claim or defense by mistake, accident or surprise. The request for judgment may be filed within ten days after the verdict, report or decision is rendered regardless of whether or not the term has ended, and the motion may be joined with a motion for a new trial."

 · The former statute as quoted made no explicit provision for consideration by the trial court of the effect of the evidence when ruling upon a motion notwithstanding verdict. Nor may the trial court yet weigh the evidence in a case of legal cognizance upon the consideration of such a motion. Such court may, however, under the statute as amended, upon motion for judgment notwithstanding verdict, upon discovering that there was no evidence upon which to base a verdict in favor of the successful party, at request of the moving party (upon motion for judgment notwithstanding verdict), render judgment in his favor though verdict has been found against him, or the court may grant a new trial pursuant to authority granted and consonant with conditions laid down in the statute.

Our examination of the voluminous record in this case has revealed no evidence to support a judgment in favor of plaintiff against defendant bank.

Affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JACKSON and BERRY, JJ., concur.