John Henry VOWELL, Jr., a Minor, under the age of 21 years, who sues by John Henry Vowell, Sr., as Next Friend, Plaintiff in Error,

v.

GREAT AMERICAN INSURANCE COMPANY, Defendant in Error.

No. 41211.

Supreme Court of Oklahoma.

Nov. 9, 1966.

Joseph C. Jennings, Tulsa, for plaintiff in error.

Houston, Klein & Davidson, by Glenn F. Prichard, Tulsa, for defendant in error.

## PER CURIAM:

This is an action brought by John Henry Vowell, Jr., a minor, by John Henry Vowell, Sr., as Next Friend, as plaintiff to recover from the Great American Insurance Company, the defendant, for loss under an accidental injury policy arising as the result of an injury sustained by said minor in an inter-scholastic football game. Plaintiff was eighteen years old, and attending East Central High School in Tulsa, Oklahoma, and was insured under the student accident policy.

In the early part of November, 1961, while engaged in an inter-scholastic high school football game, plaintiff was hit on the right side and rendered unconscious for a short time. He then walked around a bit and was able to finish the game. For the next two weeks, plaintiff complained of pain and trouble in his right leg and side. Examination by a physician approximately two weeks after the injury reflected that plaintiff had a benign growth or tumor involving the bone on the right lower part of

the pelvis. The surgeon testified that the accidental injury had nothing to do with the cause of the tumor; that the tumor was present prior to the injury, but it was aggravated by the injury.

Plaintiff thereafter brought suit against the defendant to recover for hospital and medical expenses under the policy of insurance issued by the defendant in the sum of $1,710.25. The case was tried to a jury, and a verdict was rendered for the plaintiff in the total amount sued for. Motion for judgment Non Obstante was filed within the proper time, and upon hearing of said motion, the court entered judgment sustaining the motion for judgment notwithstanding the verdict, setting aside the verdict of the jury and entering judgment for the defendant. From this ruling of the court, plaintiff appealed.

The policy of insurance under which plaintiff claims he is entitled to recover contains the following provision:

> "Hereby insures .......... against loss resulting directly and independently of all other causes from accidental, bodily injury sustained by the insured during the policy period."

Both of the doctors who testified at the trial, testified that the growth existed prior to the time of the injury, and one of the doctors testified that it would take about three years for a tumor of this size to grow or develop. From the testimony of the doctors, which stands uncontradicted, it appears clearly that the growth or tumor existed for some time prior to the injury. There is no testimony of the physicians that plaintiff suffered any injury that required medical attention other than the injury directly to the area of the growth or pre-existing tumor.

■ This loss to be recoverable from the defendant must fall within the terms of the contract, and must result directly and independently of all other causes from accidental, bodily injury. Where, as in this case, the action is on an accident policy, wherein the risk is limited to loss resulting solely from accidental means directly and independently of all other causes, the contract is the measure of the liability and such a provision is binding. We cite in support of this contention, Federal Life Insurance Company v. Firestone, 159 Okl. 228, 15 P.2d 141; Great Northern Life Insurance Company of Milwaukee, Wisconsin v. Farmers Union Co-Op Gin Company, 181 Okl. 370, 73 P.2d 1155.

For reversal plaintiff advances only one proposition and that is that the trial court erred in sustaining defendant's motion for judgment notwithstanding the verdict after submitting the issues to the jury for determination and a verdict being rendered for plaintiff. Plaintiff contends that in considering a motion for judgment notwithstanding the verdict, the trial court may not weigh the evidence, but if there is no evidence upon which to base a verdict, that the court may render judgment on such motion; on the contrary, if there is any evidence in the record reasonably tending to support the allegations of the petition which would justify a verdict in favor of the plaintiff, it is error for the court to direct the verdict for the defendant or sustain a motion for judgment notwithstanding the verdict.

Title 12 O.S.1961, Sec. 698, as amended, reads as follows:

> "When a motion for a directed verdict which was made at the close of all of the evidence should have been granted, the court shall, at the request of the moving party, render judgment in his favor though a verdict has been found against him, but the court may order a new trial where it appears that the other party was prevented from proving a claim or defense by mistake, accident or surprise. The request for judgment may be filed within ten days after the verdict, report or decision is rendered regardless of whether or not the term has ended, and the motion may be joined with a motion for a new trial."

At the close of all the evidence in this case, the defendant moved for a directed verdict which was overruled by the trial court. This motion for a directed verdict, after the close of all the evidence, should have been sustained, and upon proper motion for judgment notwithstanding the verdict having been filed in time, the court was given the opportunity to correct its error, and the court did so. The evidence in this case was overwhelming that the loss did not result directly and independently of all other causes from the injury received by the plaintiff. Where the evidence is insufficient to support a verdict against the defendant, the trial court is authorized under Title 12 O.S.1961, Sec. 698, as amended, to sustain a motion for such defendant for a judgment notwithstanding the verdict pursuant to the provisions of this statute. See Stillwater Milling Company, a corp. v. First National Bank of Wewoka, Oklahoma, Okl., 391 P.2d 807.

We find that when we try to fit the evidence of this case within the specific terms of the contract of insurance that it does not fit, and that the loss complained of does not come within the terms of the policy.

The judgment of the trial court sustaining defendant's motion for judgment, notwithstanding the verdict, is affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN, BERRY, and HODGES, JJ., concur.

This court acknowledges the services of Almon E. Henson, who with the aid and counsel of William E. Dougherty, Jr., and James B. Miller, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the court. The Chief Justice then assigned the case to DAVISON, J., for review and study, after which and upon consideration by the court the foregoing opinion was adopted.