Louis A. DOWNING, Sr., Appellee,

v.

FIRST BANK IN CLAREMORE, Appellant.

No. 64755.

Supreme Court of Oklahoma.

June 14, 1988.

**15.** *Hall v. Farmers Insurance Exchange,* 713 P.2d 1027 (Okl.1985).

**16.** *Hall, supra* at 1029.

John R. Carle, Claremore, for appellant.

Thomas H. Williams, Claremore, for appellee.

DOOLIN, Chief Justice.

The plaintiff (hereinafter "depositor") had a certificate of deposit in defendant bank (hereinafter "bank"). The certificate matured on September 13, 1982 at which time depositor renewed it and added his son's name as co-depositor. The new certificate of deposit had a face value of $25,000, and was due to mature on March 14, 1983. It was made payable to either depositor or his son "upon return of certificate, properly endorsed." The bank stamped "joint tenancy with right of survivorship" on the certificate, but there is a dispute as to whether depositor understood or intended the consequences of that action. Depositor claims he had no intention to give his son access to the certificate before his death, but the bank claims that depositor's contract with the bank resulted in a joint tenancy. After depositor read the new certificate, in front of the teller, he locked it in his safe deposit box to which he alone had access.

While depositor was ill and unconscious in a hospital, his son went to the bank without the certificate, and was allowed to withdraw all the funds three weeks before the date of maturity. The son told the cashier of his father's condition, that his father was not expected to live and that his father wanted him, a joint owner, to have the certificate before he died so no one else could get it. The son told the cashier he did not know where the certificate was but that it was probably in his father's safe deposit box.

Upon execution of an indemnity bond, the bank issued the son a new certificate payable one day after the previous one became due. By issuing this bond the bank protected itself from paying the certificate a second time. Also, by paying the certificate early, the bank earned $575.00 through early withdrawal penalties.

When depositor got well and realized the certificate was due, he went to the bank with the certificate and demanded payment. He was then notified that his son had withdrawn the funds without presentment of the certificate. Upon approaching his son to get the money, his son refused.

Depositor brought suit against the bank for breach of contract, alleging the bank paid the certificate contrary to the terms requiring presentment of the certificate properly endorsed before payment. After a jury trial, depositor was awarded over $37,000 which included costs and attorneys fees and the bank received a verdict against the son for the same amount. The bank now asserts four propositions of error on appeal.

## I.

The bank first contends the trial court erred in refusing to sustain its demurrer to the evidence, motion for directed verdict, and motion for judgment notwithstanding the verdict.

The petition stated a cause of action for breach of contract, and the facts presented at trial were subject to varying interpretations. Reasonable minds could differ as to whether the case had been proved and the trial court was correct in submitting the case to the jury.

▪ A motion for directed verdict or demurrer to the evidence should not be sustained unless there is an entire absence of proof tending to show a right to recover; and in passing thereon, a trial court must consider as true all of the evidence favorable to the party against whom the motion or demurrer is directed, together with all inferences that reasonably may be drawn therefrom, and must disregard all conflicting evidence favorable to the movant.[1]

The bank's principal argument is that 6 O.S.1981, § 901 releases the bank from liability as to disputes between joint tenants of certificates of deposit. The pertinent part reads as follows:

1. When a deposit has been made or shall hereafter be made in any bank in the names of two or more persons, payable to any of them or payable to any of them or the survivor, such a deposit or any part thereof, or any interest thereon, may be paid to either of said persons whether one of such persons shall be a minor or not, and whether the other be living or not; and the receipt or acquittance of the person so paid shall be valid and sufficient release and discharge to the bank for any payment so made....

The bank contends that since depositor created a joint tenancy with right of suvivorship in the certificate of deposit, the bank was ipso facto released from liability as to actions on the part of either joint depositor. The bank asserts that the purpose of the statute is served by letting the joint tenants resolve their own affairs.

We find that the bank's argument and the statute upon which it relies are not applicable to the instant case. Here, while the certificate of deposit is payable to either named co-depositor, 6 O.S.1981, § 901 does not release the bank from liability because the specific, unrefuted, contractual provisions of the bank's own certificate of deposit require the presentment of the certificate before payment will be made. Whether, arguendo, Louis Wayne Downing was a joint tenant or not, Louis A. Downing had a right to expect that the bank would honor the terms of its contract and not pay the deposit to anyone without presentment of a properly endorsed certificate.

▪ A non-negotiable certificate of deposit is a contract which takes the form of a promissory note.[2] This Court stated in *Kyselka v. First National Bank in Pawhuska*,[3]

The law requires that a contract must be so interpreted as to give effect to the mutual intention of the parties, as it existed at the time of the contracting, so far as the same is ascertainable and lawful. 15 O.S.1941 § 152. And further, that the language of the contract is to govern its interpretation, if the language is clear and explicit and does not involve an absurdity.

In *Kyselka*, this Court held that a bank did not have to pay interest on a certificate of deposit beyond the date of its maturity. In so holding, the express language of the contract written by the bank was given effect. Similarly, this Court will give effect to the express language of the contract between bank and depositor here and hold that where the bank paid the certificate without requiring presentment of the certificate, properly endorsed, the bank breached its contract with depositor.

The bank cites *Brown v. Eastman Bank of Newkirk*,[4] as authority for releasing the bank from liability as to disputes between joint depositors. In that case husband and wife had a joint checking account and each had authority to draw on the bank. Husband wrote a check, wife ordered the bank

1. *Central Mutual Ins. Co. v. Dickerson*, 451 P.2d 1, (Okl.1969).

2. *Hendricks v. Grant County Bank*, 379 P.2d 693, 696 (Okl.1963).

3. 204 Okl. 454, 230 P.2d 911, (1951).

4. 291 P.2d 828, (Okl.1955).

to stop payment; the bank paid over the wife's order and the wife sued the bank. The court held the wife could not order payment stopped on a check drawn by a joint owner of the account. The court further held the relationship between the bank and its depositor is a contractual one and since husband was entitled to write the check, he was entitled to have it paid. It was held the bank had a duty to pay the check as the contract called for.[5]

*Brown* is not dispositive of this case and is distinguishable. In that case, the check was drawn *according* to the contractual provisions between the bank and its depositors. In the present case the bank chose to pay *contrary* to the express contract terms. Further, in the present case each joint depositor was not afforded the means to gain access to the joint account. Also, in this case the bank benefitted by its breach by collecting early withdrawal penalties. We hold the bank breached its contract because of the nature of the certificate of deposit and its express language which provided the means to withdraw, and also because the bank had no duty to pay absent presentment of the certificate.

This Court refuses to apply 6 O.S.1981, § 901 to this case because to do so would allow banks to interpret the terms of contracts they write against the ordinary meaning that customers give to those very terms. The bank may not rely on certain, express provision of its contracts, such as the term "joint tenancy", and ignore other provisions of equal stature which are relied upon by its depositors.

We hold that depositor had every right to rely on express contractual provisions written by the bank, and that the bank paid at its own risk when it paid contrary to those same provisions. Oklahoma law requires

that printed contracts be construed most strongly against the party who prepared the writing.[6]

In so holding, this Court refuses to extrapolate the holdings of the foreign authorities cited by the bank. Those cases held that banks may waive requirements that passbooks be produced before withdrawals can be made because such provisions are for the bank's protection, and not the depositor's.[7] Thus, this Court refuses to adopt the bank's analogy that provisions for withdrawal of funds in certificates of deposit requiring presentment of the certificates properly endorsed are likewise waivable by banks.

The bank argues that where a party fails to prove facts sufficient to entitle him to recover, a demurrer to his evidence should be sustained.[8] Also the bank submits that a court may grant a motion notwithstanding the verdict where there was no evidence upon which to base a verdict.[9] This Court finds that both the pleadings and the proof in the record of this case show a cause of action for breach of contract. The evidence was subject to varying interpretation and the trial court was correct in submitting the case to the jury. For the reasons set forth above, this Court finds the court did not commit error in denying the bank's motions for directed verdict, demurrer to the evidence, or motion for judgment notwithstanding the verdict.

## II.

The bank's second proposition of error is that the trial court erred by refusing to give bank's requested jury instructions # 2 and # 4. The bank's requested instruction # 2 is simply a paraphrase of 6 O.S.1981, § 901. Since this Court has decided that statute is not applicable to these facts, the

5. *Brown*, at 830.

6. *Sac City Canning Co. v. Griffin Grocery Co.*, 99 Okl. 99, 225 P. 702 (1924); *Continental Federal Savings and Loan Association v. Fetter*, 564 P.2d 1013 (Okl.1977); 15 O.S.1981, § 170.

7. *Coristo v. Twin City Bank*, 257 Ark. 554, 520 S.W.2d 218 (1975); and *Gray v. Landmark Union Trust Company*, 364 So.2d 1256 (Fla.1978).

8. *American Body and Trailer Inc. v. Boyd*, 423 P.2d 1020 (Okl.1967).

9. *Stillwater Mill Co. v. First National Bank of Wewoka*, 391 P.2d 807 (Okl.1964).

trial court was correct in not giving it as an instruction.

■ Similarly, the trial court did not err in refusing bank's requested instruction # 4 which read as follows:

> You are instructed that the words "on return of certificate properly endorsed" in certificate of deposit # 9595 was a clause for the benefit of the bank and could be waived by the bank.

As stated earlier in this opinion, this court does not find as a matter of law that such a provision is solely for the bank's benefit and the bank's contention that this instruction should have been given is therefore without merit. This court does not find the provision "upon return of certificate properly endorsed" was one the bank could waive.

### III.

The bank's third proposition of error is that the trial court erred in giving instruction # 19 which read as follows:

> If you find that the plaintiff intended for the son to have the moneys represented by the certificate of deposit only in the event of the father's death; and further find that the father had the right to rely on the provision that the certificate of deposit was payable "on return of certificate properly endorsed", and further find that payment to defendant son without requiring the return of certificate properly endorsed was a breach of contract by the bank, then you must find for the plaintiff against the bank.
>
> If you do not so find, then you must find for the bank against the plaintiff.

The thrust of the bank's argument against this instruction is that the depositor's intent is irrelevant in determining whether or not the bank is liable, since 6 O.S.1981, § 901 applies to release the bank from liability. This contention is without merit because the court has already decided this statute inapplicable. Secondly, because the court has established that depositor did in-

deed have a right to rely upon the provision of the contract which is quoted in the instruction and that payment by the bank without the certificate was a breach of contract, we find the instruction, taken as a whole, did not mislead the jury or prejudice the rights of the bank.[10]

### IV.

■ The bank finally contends that the trial court erred in awarding the depositor attorneys fees under 15 O.S.1986 Supp. § 276. The court need not address this contention since attorneys fees were properly awarded to the depositor under 12 O.S.1981, § 936 which reads as follows:

> In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Oklahoma does not allow attorneys fees unless they are provided for by statute or by contract.[11] As stated earlier, Oklahoma recognizes non-negotiable certificates of deposit as a form of promissory note.[12] Since this statute allows recovery of attorneys fees for actions on a note, the trial court did not err in awarding them in this action. The bank's contention that this is not an action for breach of contract, but for negligence is wholly without merit.

AFFIRMED.

HARGRAVE, V.C.J., and HODGES, LAVENDER, OPALA, ALMA WILSON, KAUGER, and SUMMERS, JJ., concur.

SIMMS, J., dissent.

**10.** *Middlebrook v. Imler, Tenny & Kugler, M.D.'s Inc.,* 713 P.2d 572 (Okl.1985).

**11.** *Federal National Bank and Trust Company of Shawnee v. Ryan,* 588 P.2d 592 (Okl.App.1978).

**12.** *Hendricks,* at 696.